Stephen David THOMPSON,
Petitioner and Appellant,

v.

Raymond K. PROCUNIER, Director, Department of Corrections of the State of California, Respondent and Appellee.

No. 75–2437.

United States Court of Appeals,
Ninth Circuit.

July 21, 1976.

* Honorable Gus J. Solomon, Senior United States District Judge, of the District of Oregon, sitting by designation.

Paul Ligda, Public Defender (argued), Fairfield, Cal., for petitioner and appellant.

Peter J. McBrien, Deputy Atty. Gen. (argued), Sacramento, Cal., for respondent and appellee.

## OPINION

Before ELY and GOODWIN, Circuit Judges, and SMITH,* District Judge.

PER CURIAM:

The first problem presented by this appeal from an order denying a petition for a writ of habeas corpus is whether petitioner has exhausted his state remedies. 28 U.S.C. § 2254(b). Petitioner was convicted in California on his plea of guilty. No appeal was ever taken from the judgment of conviction. Petitions for writs of habeas corpus alleging ineffectiveness of counsel were presented in California state courts in the following chronological order: the Superior Courts of Monterey County, San Luis Obispo County, and Solano County (transferred to San Joaquin County), the Court of Appeal for the State of CAlifornia, Second Appellate District, and the Supreme Court of California. All were denied. The Supreme Court simply denied the petitions without indicating whether or not the denials were on the merits.

The State now contends, and correctly, that petitioner, although convicted on a plea of guilty, had a right of appeal under Cal.Pen.Code § 1237.5, and that if, as petitioner alleges, he was ignorant of that right, he might have petitioned for a late appeal under the California Rules of Court, Rule 31(a). In California, issues relating to claimed ineffectiveness of counsel may be

* The Honorable Russell E. Smith, United States District Judge for the District of Montana, sitting by designation.

presented by appeal. *In re Brown*, 9 Cal.3d 679, 108 Cal.Rptr. 801, 511 P.2d 1153 (1973). By virtue of all of this the State contends that, since the issue might have been raised on appeal, the petitioner, by failing to petition for a late appeal under Rule 31(a), did not exhaust his state remedies.

■ A federal court will not, prior to granting habeas relief, require that a petitioner, in a state where alternative methods of reviewing constitutional issues are available, exhaust all alternatives. *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Leftwich v. Coiner*, 424 F.2d 157 (4th Cir. 1970); *Buchanan v. United States*, 379 F.2d 612 (5th Cir. 1967). On the other hand, if a remedy is provided by a state, a petitioner may not deliberately bypass the orderly procedure of the state courts. We believe that, in the interest of maintaining a uniform and orderly procedure, a state may require that one procedure be used to the exclusion of another so long as the right of review is not foreclosed or unduly limited.

Our difficulty is that we are unable to determine what the Supreme Court of California did by its order denying the writ. The court may have followed the broad rule stated in *Ex parte Dixon*, 41 Cal.2d 756, 264 P.2d 513 (1953), and repeated in *In re Brown, supra*, to the effect that habeas corpus normally will not lie where a remedy by appeal exists. If so, then the court was simply requiring that an established appeal procedure be followed, and we should affirm. Petitioner might then pursue his state remedies and either obtain a ruling on the merits or demonstrate that there is no review procedure available to him.

On the other hand, in *In re Lopez*, 2 Cal.3d 141, 84 Cal.Rptr. 361, 465 P.2d 257 (1970), the California Supreme Court granted habeas relief where there had been a denial of counsel. Lopez is distinguishable because the denial of counsel there presented no factual issue as does the claim of ineffective representation here. In *People v. Vaughn*, 9 Cal.3d 321, 107 Cal.Rptr. 318, 508 P.2d 318 (1973), the court on a second appeal from a penalty judgment granted collateral relief on the ground of ineffective assistance of counsel at the trial on the issue of guilt because there had been no adequate opportunity to present the claim by appeal. *Vaughn*, too, is distinguishable because, while it involved a collateral attack, it was not an attack in the habeas form. We cannot say, however, that the Supreme Court of California in this case did not consider petitioner's ignorance of his right to appeal along with the fact of the claim of inadequate assistance and decide that there had been no fair opportunity to present the issues, even on a late appeal. If it did so, then petitioner's claim was denied on the merits and we may consider it here.

■ The net result of it all, however, is that we are uncertain as to just what was done. Perhaps it would be logical to hold that, since the burden of proof is on the petitioner, the uncertainties should be resolved against him. If that is the logic of the matter, then, as we see it, the logic should give way to more important considerations. In the main, petitioners for writs of habeas corpus are in custody. A denial of relief based on procedural grounds extends the period of confinement, whether the petitioner should be confined or not. If a state court does deny a petition for habeas corpus for procedural reasons, one simple sentence will tell the petitioner that he had better look to his state court procedure rather than to chance wasting his time pursuing a federal remedy. In this case, were we to deny federal review for noncompliance with the exhaustion rule, then petitioner would have wasted over three years seeking federal court relief. Hence, we announce the rule: Where a petition for a writ of habeas corpus presenting a federal constitutional question is denied by a state court with no reason given, we will assume that the state court has had an opportunity to pass upon the merits of the issue and has resolved it against the petitioner.

■ We turn to the merits and find that the record contains a transcript of a preliminary hearing, together with evidence taken by the Superior Court of San Joaquin County, on all the issues relating to the effective

assistance of counsel. Following the hearing in San Joaquin County Superior Court, that court found as a matter of fact that there was no conflict of interest and that the petitioner was adequately represented. The federal trial court on the record before it made similar findings. After a most careful review, we are unable to say that the findings are clearly erroneous.

The judgment is affirmed.