**Nathan Kevin TURNER,**
**Plaintiff-Appellant,**

v.

**Joseph COMPOY, Warden, Attorney of the State of California,**
**Defendant-Appellee.**

**No. 85–6314.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 19, 1987.[*]

Decided September 3, 1987.

---

**\*** The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Nathan Kevin Turner, Tehachapi, Cal., for plaintiff-appellant.

Raquel M. Gonzales, San Diego, Cal., for defendant-appellee.

Before HUG, SCHROEDER and NORRIS, Circuit Judges.

HUG, Circuit Judge:

Nathan Turner, a California state prisoner, appeals the district court's denial of his petition for a writ of habeas corpus. Turner raises a number of issues, all of which were raised on direct appeal to the California courts. The district court ruled that Turner had failed to exhaust his state court remedies because he had not sought relief by habeas corpus in the state court.

One of the issues raised by Turner is denial of effective assistance of counsel. The California Supreme Court has held that if the record on appeal is insufficient to resolve such a claim, it is more appropriate for the claim to be made in a state petition for habeas corpus. *People v. Pope*, 23 Cal.3d 412, 590 P.2d 859, 867, 152 Cal.Rptr. 732, 740 (1979). The issue in this case is whether a state prisoner must seek state habeas corpus relief in order to exhaust his state court remedies where the state supreme court has stated a preference for habeas review of a particular type of claim.

## I.

After Turner was convicted, he appealed to the California Court of Appeal without success. The California Supreme Court denied Turner's petition for hearing, without case citation or comment. Turner then filed for federal habeas corpus relief, alleging that he was denied effective assistance of counsel, his confession was improperly admitted at trial, an alternate juror was improperly seated, and his sentence was cruel and unusual. While all these claims had been raised in Turner's direct appeal to the state supreme court, the district court denied the petition for failure to exhaust state remedies. This ruling was based on the belief that the California Supreme Court's denial of Turner's direct appeal was not dispositive since the issues could be more appropriately handled by state collateral review, as they required factual inquiry.

## II.

We review de novo the district court's denial of a petition for habeas corpus. *Jones v. United States*, 783 F.2d 1477, 1479 (9th Cir.1986).

A federal district court must dismiss a federal habeas corpus petition that contains any claim as to which state remedies have not been exhausted. *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982); 28 U.S.C. § 2254(b) (1982). Generally, however, a prisoner need exhaust only one avenue of relief in state court before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Hall v. Sumner*, 682 F.2d 786, 788 (9th Cir.1982); *Thompson v. Procunier*, 539 F.2d 26, 28 (9th Cir.1976). Thus, since Turner raised each of his claims by direct appeal to the California Supreme Court, it appears unnecessary for him to have filed for state habeas relief.

States may, however, mandate a particular procedure to be used to the exclusion of other avenues of seeking relief "so long as the right of review is not foreclosed or unduly limited." *Thompson*, 539 F.2d at 28. In such states, presenting an issue to the state's highest court via a statutorily deviating path will not exhaust state remedies. *Lindquist v. Gardner*, 770 F.2d 876, 878 (9th Cir.1985). For example, Idaho statutes set out a procedural path to be utilized in presenting post-conviction claims. If the Idaho Supreme Court dismisses a claim which has not followed this path, we presume its dismissal was on procedural grounds, and therefore state remedies have not been exhausted. *Id.*

Unlike Idaho, California has not instituted a mandatory procedure for filing petitions for relief from criminal convictions. The California Supreme Court has stated, however, that if the record on appeal is insufficient to resolve an ineffective assistance of counsel claim, it is more appropriate for the claim to be made in a state petition for habeas corpus. *Pope*, 590 P.2d at 867, 152 Cal.Rptr. at 740; *see also United States v. Birges*, 723 F.2d 666, 670 (9th Cir.), *cert. denied*, 466 U.S. 943, 104 S.Ct. 200, 83 L.Ed.2d 131 & 469 U.S. 863, 105 S.Ct. 200, 83 L.Ed.2d 131 (1984). The issue to be resolved in this case is whether this preference should be treated in the same manner as a statutorily mandated procedure. A rule that state remedies have not been exhausted in this situation would be analogous to the rule utilized in the review of federal trials: where an ineffective assistance claim cannot be advanced without the development of facts outside the original record, the claim must be brought in a collateral proceeding. *See Birges*, 723 F.2d at 670; 28 U.S.C. § 2255 (1982).

▮ We decline to adopt such a rule, as it ignores the distinctions between our role in reviewing federal trial decisions and those of state courts. The rule announced in *Birges* allows the circuit court, on direct appeal, to refuse to review an ineffective assistance of counsel claim where the record is insufficiently developed. The party will then be on notice that it is necessary to collaterally attack his or her conviction through habeas proceedings. In contrast, when the circuit court reviews a habeas petition from a state court conviction, it is necessary to ascertain whether the state courts have had an opportunity to resolve the issues raised on their merits. Thus, we have developed a presumption that where the state's highest court gives no opinion or citation when dismissing or denying a hearing, it will be presumed that the dismissal or denial was on the merits. *Kellotat v. Cupp*, 719 F.2d 1027, 1030–31 (9th Cir.1983); *Thompson*, 539 F.2d at 28. The question is whether the California Supreme Court's decision in *Pope* indicates that there should be an exception to this presumption that the state court reached the merits, analogous to the exception where a state has mandatory post-conviction procedures. *See Lindquist*, 770 F.2d at 878.

*Pope* holds that if the record is adequate, the court will decide the ineffective assistance issue. 590 P.2d at 866, 152 Cal.Rptr. at 739. "Only where appellant identifies acts or omissions falling below [the applicable standard of adequate representation] does an appellate court examine whether the record includes an explanation for the apparently inadequate representation." *Id.* 590 P.2d at 868 n. 18, 152 Cal.Rptr. at 741 n. 18. Where the record is inadequate, the decision will be affirmed, to avoid speculation as to the reasons for counsel's actions. *Id.* 590 P.2d at 867 & n. 16, 152 Cal.Rptr. at 740 & n. 16.

Therefore, under *Pope*, we must assume that the California Supreme Court will deny review in some cases because the appellant did not allege actions below the relevant standard. This is a ruling on the merits. Only in some cases would the court reach the second step of the analysis, the adequacy of the record. Denial on this basis would be a procedural denial. Furthermore, the court also might have decided that the allegations fell below the standard, the record was adequate, and the reasons indicated that counsel had acted properly. This again is a ruling on the merits. Thus, when the California Supreme Court denies a hearing on an ineffective assistance claim, the grounds on which it has done so are ambiguous.

It is apparent, then, that *Pope* cannot be read broadly as indicative of a preference that all ineffective assistance claims be pursued through the state habeas procedure and not be raised on appeal. The only preference which is apparent is for parties to raise the ineffective assistance claim by joining a verified petition for habeas corpus to the direct appeal as a means of promoting judicial economy. *Id.* 590 P.2d at 867 n. 17, 152 Cal.Rptr. at 740 n. 17.

▮ Since we cannot ascertain the intent of the California Supreme Court's denial of hearing, it is necessary in this situation to continue to follow the presumption

of a denial on the merits. If a state statute, or perhaps an explicit state supreme court ruling, *mandates* use of collateral review, then we will assume a denial is on procedural grounds. Also, if the denial of review is explicitly based on procedural grounds, or cites procedural authority, we will assume state remedies have not been exhausted. In all other cases, we will assume the state supreme court has been given a fair opportunity to review the merits.

California does not mandate collateral review. The Supreme Court denied hearing to Turner without citation or discussion. We therefore presume the court reached the merits. Turner has exhausted his state remedies.

REVERSED AND REMANDED.