21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Hatley McCRARY, Petitioner-Appellant,
v.
Wayne ESTELLE, Warden, Respondent-Appellee.
 No. 93-16991.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 30, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Hatley McCrary appeals pro se the district court's denial of his petition for habeas corpus. We affirm in part, reverse in part, and remand to the district court.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 In 1989 McCrary was convicted in California state court of first degree burglary and misdemeanor joy riding. He was sentenced to fourteen years in prison: four years for the burglary plus two five-year enhancements for two prior felony convictions. The California Court of Appeal affirmed, and the California Supreme Court denied discretionary review without comment.
 
 
 4
 McCrary then filed in the California Supreme Court a habeas corpus petition, to which he attached a copy of his opening brief in the Court of Appeal. The Supreme Court issued a postcard denial.
 
 
 5
 On February 11, 1991, McCrary filed a habeas corpus petition in federal district court. On August 23, 1993, the district court dismissed the petition. It found that McCrary deliberately chose not to include his claim that the trial court improperly denied his pre-trial motion to substitute counsel in his petition for review to the California Supreme Court and failed to demonstrate cause or prejudice. Accordingly, the court held this claim barred by procedural default. It denied his other claims on the merits.
 
 
 6
 McCrary timely appeals.
 
 II.
 STANDARD OF REVIEW
 
 7
 The district court had jurisdiction to consider the petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. This court has jurisdiction under 28 U.S.C. Sec. 2253. We review de novo a district court's decision on a petition for habeas corpus. Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993). Factual findings are reviewed for clear error. Id.
 
 III.
 DISCUSSION
 
 8
 McCrary avers that the district court erred because 1) he is not procedurally barred from contending that the state trial court improperly denied his motion to substitute counsel, 2) the sentence enhancements are improper under state law, and 3) the sentence enhancements are unconstitutional.
 
 A.
 
 9
 The district court held that McCrary was procedurally barred from arguing that the state trial court should have allowed him to substitute counsel because he failed to include this claim in his petition for review to the state high court.[1] Because McCrary did include this claim in his petition, we reverse and remand.
 
 
 10
 Federal habeas petitioners must exhaust all state remedies before proceeding to federal court. 28 U.S.C. Sec. 2254(b). A petitioner fails properly to exhaust his state remedies by neglecting to present a claim to the state's highest court on direct review, regardless of whether he is entitled to review as a matter of right, McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir.1988), or as a matter of discretion. Jennison v. Goldsmith, 940 F.2d 1308, 1310 (9th Cir.1991). However, where a federal habeas petitioner raises a claim on direct appeal and in his petition for discretionary review to the state's highest court, the petitioner has exhausted his state remedies for purposes of 2254(b). Turner v. Compoy, 827 F.2d 526, 528-30 (9th Cir.1990), cert. denied, 489 U.S. 1059 (1989).
 
 
 11
 Here, the district court found that McCrary deliberately omitted his substitute counsel claim from his petition for direct review to the California Supreme Court. However, the petition itself, which is part of the record on appeal, clearly sets forth the claim:
 
 
 12
 THIS COURT SHOULD GRANT REVIEW TO DETERMINE WHETHER AN INDIGENT DEFENDANT IS ENTITLED TO COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION WHEN DEFENDANT MAKES A MOTION TO HAVE HIS COUNSEL RELIEVED. REVIEW SHOULD ALSO BE GRANTED BECAUSE APPELLANT ESTABLISHED COMPELLING GROUNDS FOR DISCHARGING HIS ATTORNEY.
 
 
 13
 In light of McCrary's petition, the district court's unexplained finding is clear error.[2]
 
 
 14
 McCrary appears to have properly exhausted this claim. He raised the claim on direct appeal in the California Court of Appeal, which denied it on the merits. He raised it in his petition for direct review in the California Supreme Court. That court denied review without comment. Such a denial is presumed to be on the merits and is sufficient to exhaust the claim.[3] Turner, 827 F.2d at 528-30; see also, Ylst v. Nunnemaker, 111 S.Ct. 2590, 2595-96 (1991) (holding that unexplained orders upholding a judgment are presumed to rest upon the same ground as the previous judgment).
 
 
 15
 Having exhausted his substitute counsel claim, McCrary is not barred from federal review. Turner, 827 F.2d at 528. Thus, we reverse the district court and remand for further proceedings.
 
 B.
 
 16
 McCrary argues that his sentence was improperly enhanced. He fails to state a federal claim.
 
 
 17
 McCrary received two five-year enhancements pursuant to California Penal Code Sec. 667, which provides that a person convicted of a serious felony shall receive a five-year enhancement "for each ... prior [serious felony] conviction on charges brought and tried separately...." The state court of appeal affirmed his sentence.
 
 
 18
 McCrary now contends that one of the enhancements should be stricken because his priors were not "brought and tried separately" within the meaning of Sec. 667. However, federal courts are bound by state court interpretations of state laws. Wainwright v. Goode, 464 U.S. 78, 84 (1983). McCrary's contention that the state trial court and appellate courts wrongly interpreted Sec. 667 is an interpretation of state law not cognizable in federal court. See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.1989), cert. denied, 111 S.Ct. 1591 (1991) (claim that assault with a deadly weapon not "serious felony" under Sec. 667 not reviewable). The district court correctly denied this claim.
 
 C.
 
 19
 Finally, McCrary raises several constitutional arguments regarding his sentence enhancements. These claims lack merit.
 
 
 20
 The gravamen of McCrary claims is that, due to "oversight or ignorance," state prosecutors failed to consolidate the two prior felonies that enhanced his burglary sentence. Thus, he contends, "fortuitous criminal procedure" determined the number of enhancements he received.
 
 
 21
 McCrary's enhancements do not violate the Equal Protection Clause. The state actions of which McCrary complains are not fortuitous procedures; they are the prosecutorial decisions to charge him with crimes and enhancements. Prosecutors have broad discretion to determine whether to prosecute and what charges to bring. United States v. Kidder, 869 F.2d 1328, 1335 (9th Cir.1989). Even assuming a conscious exercise of some selectivity in the prosecutorial decisions to charge or consolidate crimes or enhancements, to make out an equal protection challenge McCrary must show that the decisions in his case were based upon race, religion, or the exercise of constitutional rights. Id. at 1335-36. He must also show that a discriminatory purpose motivated the prosecutors. Id. at 1336. Yet McCrary suggests no impermissible ground or motive for the prosecutors' failure to consolidate his prior felonies.
 
 
 22
 The prosecutor's broad discretion in this area is not subject to judicial review for due process. In United States v. Redondo-Lemos, 955 F.2d 1296, 1299-1300 (9th Cir.1992), we found that the judiciary is ill-equipped to decide whether the government's charging and plea bargaining decisions are arbitrary and capricious. Such a review calls for an extraordinarily difficult and delicate inquiry into prosecutorial decision-making. Id. Hence, this type of claim is not reviewable. Id. at 1300. Additionally, the mere fact that the government brings separate charges against some defendants and consolidates charges against other defendants, or exercises its discretion to charge or not charge prior felonies as enhancements, does not suffice to make a prima facie case of a due process violation. See id. at 1303 (Canby, J., concurring) (fact that some defendants can "plead around" mandatory minimums insufficient to establish due process violation).
 
 
 23
 Finally, McCrary urges that his fourteen-year sentence for burglary (including two five-year enhancements) is excessive in relation to the offense committed. The Eighth Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime." Harmelin v. Michigan, 111 S.Ct. 2680, 2705 (1991) (Kennedy, J., concurring) (quoting Solem v. Helm, 463 U.S. 277, 288 (1983). McCrary's sentence is neither extreme nor grossly disproportionate. Cf. Rummel v. Estelle, 445 U.S. 263 (1980) (upholding life sentence of person convicted of three thefts totalling $229).
 
 
 24
 The district court's dismissal of McCrary's claim that the trial court should have allowed him to substitute counsel is REVERSED and REMANDED. The court's denial of his claims that his sentence enhancements were improper under state law and unconstitutional is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, McCrary's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although he argues largely on the basis of state law, McCrary raises a federal claim. See Hudson v. Rushen, 686 F.2d 826, 829 (9th Cir.1982), cert. denied, 461 U.S. 916 (1983) (noting that the denial of a defendant's motion for new counsel may violate the Sixth Amendment right to effective assistance of counsel)
 
 
 [2]
 In their memorandum of points and authorities in answer to the district court's order to show cause, the Attorney General of California asserted that McCrary had omitted the claim. Exhibit C of the Attorney General's brief is the petition itself. The claim appears as the last of three arguments and occupies the final nine pages of McCrary's petition. The Attorney General not only led the district court astray by its misstatements but inexplicably fails to confess error in this court
 
 
 [3]
 The California Supreme Court's procedural denial of McCrary's later petition for habeas corpus had no impact on the exhausted claim since McCrary properly raised the claim on direct review. Ylst, 111 S.Ct. at 2595-96