37 F.3d 1505
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James Earl HINES, Petitioner-Appellant,
v.
James GOMEZ, Director of the California Department of
Corrections; Peggy L. Kernan, Warden,
Respondents-Appellees.
 No. 94-15506.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1994.*
Decided Oct. 7, 1994.
 
 Before: GOODWIN, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Earl Hines appeals the district court's grant of summary judgment in favor of the Government in this Sec. 2254 habeas corpus case. We affirm.
 
 
 3
 The decision whether to grant or deny a petition for habeas corpus is reviewed de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994), as is a grant of summary judgment. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). For the reasons discussed below, we hold that the district court was correct in concluding that Hines has not presented any genuine issues of material fact and that his petition for writ of habeas corpus must be denied.
 
 A. Voluntariness of Guilty Plea
 
 4
 Hines' primary contention is that he did not enter his guilty plea voluntarily.
 
 
 5
 He first points to ineffective assistance of counsel. We deal with this below. Hines chose, after being fully advised and warned by the court, to represent himself. His failure to accept legal advice did not make his guilty plea involuntary.
 
 
 6
 Hines also claims that his plea was tainted by prosecutorial misconduct. "The conviction and sentence which follow a plea of guilty are based solely and entirely upon said plea and not upon any evidence which may have been improperly acquired by the prosecuting authorities." Thomas v. United States, 290 F.2d 696, 697 (9th Cir.1961). Hines was offered an immediate opportunity to test the prosecution's evidence at a suppression hearing. Had that failed, he could have objected to the evidence at trial and preserved the issue for appeal. See id. Instead, he chose to plead guilty. Moreover, he offers nothing to suggest bad faith on the part of any law enforcement agency. See Arizona v. Youngblood, 488 U.S. 51, 58 (1988). Hines' conclusory allegations of misconduct do not support his claim that his plea was involuntary.
 
 
 7
 Hines further argues that he was misadvised of the maximum sentence. All mischaracterizations that occurred were de minimis. Furthermore, the nine-year sentence that he was promised and received was significantly less than both the actual maximum sentence and the misrepresented maximums. Cf. Hart v. Marion Correctional Institute, 927 F.2d 256 (6th Cir.), cert. denied, 112 S.Ct. 70 (1991) (defendant told maximum sentence was 15 years when in fact it was 75 years, and was sentenced to 30-75 years).
 
 
 8
 Hines' contention that the trial court participated coercively in plea negotiations is wholly without merit.
 
 B. Ineffective Assistance of Counsel
 
 9
 Because Hines continued to represent himself throughout the course of the trial and post-trial proceedings, he is barred from bringing an ineffective assistance of counsel claim. Faretta v. California, 422 U.S. 806, 835, n. 46. Because there is no right to have advisory counsel appointed, a constitutional claim based on ineffective assistance of advisory counsel is not cognizable. Coleman v. Thompson, 111 S.Ct. 2546, 2566 (1991).
 
 
 10
 C. Waiver of Jury Trial on Prior Convictions
 
 
 11
 Hines argues that he was never advised by the court of the consequences of admitting his prior convictions. The record clearly refutes this claim. Hines was told that his waiver of a right to a jury trial applied to the sentencing enhancements for the prior serious felony conviction and prior prison sentence, and indicated that he understood.
 
 D. Other Claims
 
 12
 Hines argues that the district court erroneously concluded that one of his claims was unexhausted. The California Supreme Court denied Hines' habeas petitions raising that particular claim with citations to state cases interpreted by this court to point to procedural defaults. Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir.1986); Thompson v. Procunier, 539 F.2d 26, 28 (9th Cir.1976). Because the California Supreme Court has not had an opportunity to rule on the merits of the claim, the exhaustion requirement has not been met. McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986).
 
 
 13
 Hines did argue below that he was prevented from litigating his Fourth Amendment claims at the state level. However, the district court correctly dismissed this claim. California procedural law provides an opportunity for full and fair litigation of Fourth Amendment claims. See Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1990).
 
 
 14
 Nor did the district court abuse its discretion in refusing to order discovery or impose sanctions on the prosecution in this case.
 
 
 15
 Finally, Hines has not shown a due process violation due to the 20-month delay between the filing of his petition and the district court's ultimate denial of the petition. Prantil v. State, 843 F.2d 314, 319 (9th Cir.1988).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3