69 F.3d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary BROWN, Petitioner-Appellant,
v.
Louis EASTER, Superintendent, Spring Creek Correctional
Center, Alaska Department of Corrections,
Respondent-Appellee.
 No. 94-35591.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 8, 1995.*
Decided Oct. 25, 1995.
 
 Before: HALL, WIGGINS, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brown raises four claims of ineffective assistance of counsel, none of which has merit.
 
 A. STANDARD OF REVIEW
 
 3
 We review the denial of a habeas corpus petition de novo. Turner v. Compoy, 827 F.2d 526, 528 (9th Cir.1987), cert. denied, 489 U.S. 1059 (1989). Factual findings of the state court are presumed correct if fairly supported by the record. 28 U.S.C. Sec. 2254(d). To prevail on a claim of ineffective assistance of counsel, "the defendant must show both that counsel's representation fell below an objective standard of reasonableness, and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Kimmelman v. Morrison, 477 U.S. 365, 375 (1986) (citing Strickland v. Washington, 466 U.S. 668, 688 (1984)). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and the burden is on the petitioner to demonstrate that the conduct complained of could not have been sound trial strategy. Strickland, 466 U.S. at 689.
 
 
 4
 B. FAILURE TO CHALLENGE SEIZURE OF GLASS FRAGMENT
 
 
 5
 Brown claims his attorney's failure to challenge the seizure of a glass fragment found in Brown's car constituted ineffective assistance of counsel. To prove that failure to litigate a Fourth Amendment claim constituted ineffective assistance, the defendant must demonstrate actual prejudice, which involves proof "that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." Morrison, 477 U.S. at 375.
 
 
 6
 In Brown's case, there could be no actual prejudice. The FBI eventually obtained a warrant to search Brown's house, garage and vehicle for glass, blood and a brown vest. Glass found in Brown's vehicle at that time matched the glass found at the crime scene and on Harris' body. Blue Br. at 19. The particular particle seized by Sergeant James McCann was, therefore, entirely cumulative, and the Alaska Superior Court's finding to that effect (on Brown's new trial motion) was not clearly erroneous.[1]
 
 
 7
 Furthermore, the seizure was clearly legal under the plain view exception to the warrant requirement. The facts of the seizure are uncontroverted. See Blue Br. at 16-17. While being interviewed by McCann in Brown's garage, Brown opened the passenger door of his vehicle to allow McCann to look inside. When Brown was asked to sign his consent to a search of the vehicle, Brown withdrew his permission for the search and began to close the door. Before it closed, McCann saw a number of glass particles inside. McCann proceeded to seize a particle, which was later matched to glass found at the crime scene.
 
 
 8
 McCann was in Brown's garage with Brown's consent when he saw the glass particle. The incriminating character of the glass particle was immediately apparent, because McCann was aware that glass particles had been found on Harris' body. The seizure was therefore permissible: "It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." Harris v. United States, 390 U.S. 234, 236 (1968); see also Coolidge v. New Hampshire, 403 U.S. 443, 465 (1971) ("Where the initial intrusion that brings the police within plain view of ... an article [of incriminating character] is supported, not by a warrant, but by one of the recognized exceptions to the warrant requirement, the seizure is also legitimate."). Brown contends that McCann had no right to go inside the car to seize the item once Brown had withdrawn his consent to a search of the vehicle. This contention is unavailing, because once McCann legitimately saw the glass particle, he needed no further justification (consent or warrant) to seize it, even if the seizure involved opening the car door without Brown's consent.[2]
 
 
 9
 Because the Fourth Amendment claim is unmeritorious, counsel's failure to challenge the seizure of the glass particle could not constitute ineffective assistance.
 
 
 10
 C. FAILURE TO CHALLENGE THE ADMISSION OF GLASS FRAGMENTS FROM VEST
 
 
 11
 Brown contends that his counsel rendered ineffective assistance by failing to challenge, for defects in the chain of custody, the admission of glass fragments found in the pocket of the brown leather vest allegedly worn by Brown on the night of the murder. When the defense expert received the evidence, it was not in the containers in which the prosecution witnesses had testified it had been kept. Brown claims his counsel should have argued that the evidence was contaminated and that the tampering cast doubt on the integrity of the chain of custody at an earlier time.
 
 
 12
 Brown has pointed to nothing in the record that casts doubt on McCann's testimony that the vest had been packaged carefully and the package was intact when received by the FBI. McCann testified that he later opened the package in his office to make pretrial checks. Because any allegation of contamination would have been speculative, Brown has failed to demonstrate prejudice and to rebut the strong presumption of attorney competence mandated by Strickland, 466 U.S. at 689.
 
 D. INADEQUATE INVESTIGATION
 
 13
 Brown also contends that his counsel rendered ineffective assistance by failing to investigate the case adequately. Brown's new trial motion was based on several items of evidence that were discovered after trial. Brown now claims his attorney should have discovered the evidence before trial.
 
 
 14
 The superior court, hearing the new trial motion, determined that Brown's attorney's investigation was more than adequate. This observation is fairly supported by the record. Brown claims his attorney should have located the Slentzes, two witnesses who would have corroborated Brown's testimony that he was wearing a brown cloth vest rather than a brown leather vest the night of the murder; but Brown does not explain why his attorney should have been expected to locate them, since Brown did not recall seeing them the night of the murder.
 
 
 15
 Brown also claims his attorney should have located and submitted evidence supporting the theory that another person was the killer. Brown points to witnesses whom he discovered after trial who allegedly could have testified that someone else had the means, opportunity and motive to murder Michael Harris. He also claims his attorney should have discovered the fact that Michael Harris' girl friend had possession of a pistol that Brown claims was in Michael Harris' possession on the evening of the murder; Brown claims his attorney should have located Michael Harris' pistol and presented it at trial. Once again, Brown does not explain how his attorney should have located this evidence, or why we should view the decision not to pursue an alternate killer theory as anything other than tactical.
 
 E. FAILURE TO SUBPOENA WILLIAM HARRIS
 
 16
 Brown also claims his attorney provided ineffective assistance by failing to subpoena a potential alibi witness, Brown's friend William Harris, at whose house Brown claims to have been when Michael Harris was shot. Counsel initially believed William Harris would come on his own to testify if he were provided with a plane ticket. Where a witness is expected to be favorable and cooperative, it is a reasonable tactical decision not to employ a subpoena to ensure the witness' presence in the event that he changes his mind about testifying. This strategy is an especially reasonable one where, as here, the witness' testimony may be unpredictable in light of his expressed fear of being charged with perjury if he testified for the defense.
 
 CONCLUSION
 
 17
 Brown's claims of ineffective assistance of counsel are without merit. His habeas petition was properly denied.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Brown contends that the particle seized by McCann was relied on in the application for the subsequent warrant. This assertion is, however, entirely unsupported, because the application for the search warrant was not in the record
 
 
 [2]
 It is not clear whether Brown succeeded in closing the passenger door before McCann seized the glass particle