78 F.3d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael J. GRIFFIN, Petitioner-Appellant,
v.
Samuel A. LEWIS et al., Respondents-Appellees.
 No. 94-17086.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 8, 1996.*
Decided Feb. 14, 1996.
 
 Before: SCHROEDER and TROTT, Circuit Judges, and REED,*** District Judge.
 MEMORANDUM
 Petitioner-Appellant Michael Griffin, a prisoner in state custody, appeals the decision of the district court denying his petition for writ of habeas corpus. We affirm.
 Petitioner Michael J. Griffin and his lover, Robin Riffe, were heroin addicts. Griffin was unemployed and Riffe worked as a waitress in Tucson, Arizona. On January 25, 1988 Riffe stole three pairs of Levi's blue jeans from Sears, Roebuck. Riffe and Petitioner then drove to another Sears outlet where Riffe unsuccessfully attempted to exchange the jeans for a cash refund. The two then drove to a Safeway store where Riffe purchased some Polaroid film. Riffe then tried to return the film for a cash refund, at first unsuccessfully, because she did not present the cash register receipt. She then exited the store and returned momentarily with the receipt, and obtained her refund. Riffe and Petitioner then drove to a Revco store. Riffe exchanged some Polaroid film for a cash refund by presenting a photocopy of a cash register receipt. The two then drove to a second Revco store and Riffe repeated the procedure, again using a photocopy of a cash register receipt.
 Tucson police officers, who had been following the pair after being notified of their activities by Sears security personnel, arrested both Petitioner and Riffe. During a search of the couple's vehicle, the arresting officers discovered numerous cash register receipts, some genuine and some photocopied, a coupon caddy containing more receipts and photocopies, and a notebook in which had been recorded a series of purchases and cash refunds of various goods.
 Griffin was convicted on three counts of burglary, two counts of forgery, and one count of fraudulent scheme and artifice. He petitioned the trial court for post-conviction relief under Arizona's habeas corpus Rule 32, and he also filed a direct appeal from the judgment of conviction. After evidentiary hearings, the trial court denied the habeas petition.
 Petitioner's appeal from the trial court's denial of the state habeas petition was consolidated with his direct appeal from the judgment of conviction. The Arizona Court of Appeals affirmed the conviction and denied review of the trial court's ruling on the state habeas petition.[1] The Arizona Supreme Court denied review.
 Griffin filed a Petition for Writ of Habeas Corpus in the U.S. District Court for the District of Arizona. The district court, Battin, J., denied the petition. Petitioner filed notice of appeal to this court.
 
 
 1
 A district court's denial of a state prisoner's petition for writ of habeas corpus is reviewed de novo. Thomas v. Brewer, 923 F.2d 1361. 1364 (9th Cir.1991).
 
 I. Ineffective Assistance of Counsel
 
 2
 The district court reached the merits of Petitioner's claim that his trial counsel's failure to interview Riffe rendered counsel's assistance constitutionally ineffective. The district court, noting that the trial judge had found Riffe's testimony incredible, concluded that any additional testimony Petitioner's trial counsel could have elicited from Riffe, which Petitioner argues would have suggested that her incriminating statement to the Tucson police was prompted by a secret quid pro quo offer of leniency, would likewise have been discredited by the jury. The testimony Riffe did provide at trial was wholly exculpatory, and yet the jury convicted Petitioner. Clearly they did not believe a word she said, and therefore the district court did not err in concluding that Petitioner was not prejudiced by trial counsel's failure to interview Riffe before her appearance as a witness for the state.
 
 II. Insufficiency of Evidence
 A. Procedural Default
 
 3
 Petitioner submits that the prosecution's evidence was insufficient under the federal constitution to support his conviction. In re Winship, 397 U.S. 358 (1970). Respondents argue that Petitioner failed to present this claim to the state courts. The record belies this assertion. The Petition for Post-Conviction Relief filed in the state trial court argued explicitly that the state's failure to produce evidence that Petitioner knew at the time Ms. Riffe attempted to obtain refunds for the Polaroid film that the film was stolen violated his federal due process rights.[2] The petition in haec verba claims a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.
 
 
 4
 The state trial judge denied the petition, and Petitioner's appeal from that denial was later consolidated in the Arizona Court of Appeals with the pending direct appeal from the judgment of conviction. Unfortunately, the Arizona Court of Appeals, in its order affirming the conviction, was completely silent with respect to the disposition of the companion habeas appeal. Apparently Petitioner's appellate counsel refused to clutter her brief with federal constitutional argument. Petitioner thereupon moved the Court of Appeals for leave to supplement the brief filed by his lawyer with his own brief in support of his federal constitutional claims. The Court of Appeals, not surprisingly, denied that motion.
 
 
 5
 It thus appears that Petitioner did everything within his power to present the state courts with his claim that the lack of evidence showing his knowledge that the Polaroid film was stolen precluded a constitutionally acceptable conviction. Petitioner cannot thus be charged with procedural default or a failure to exhaust that claim in the state courts. See Brown v. Allen, 344 U.S. 443, 447 (1953) (permitting petitioner to seek federal habeas relief despite his failure to seek collateral state relief, where appeals from judgments of the state courts, based on the same issues as those presented by the federal habeas petition, had been exhausted); Barks v. Armontrout, 872 F.2d 237 (8th Cir.1989) (refusing to find non-exhaustion where state law barred petitioner from filing additional petitions).
 
 
 6
 Accordingly, the federal district court's finding that "Petitioner did not previously raise the argument that the evidence at trial was insufficient to convict him in violation of the Fifth and Fourteenth Amendments" was erroneous. Because the record indicates that Petitioner did make clear to the state courts his constitutional claim of insufficiency of the evidence to support his conviction, it is proper to address the merits of that claim.
 
 
 7
 B. Merits of the Insufficiency of Evidence Claim
 
 
 8
 With respect to Count I (the theft of the jeans), Petitioner argues that the state produced no evidence that he knew the jeans Riffe tried to return to Sears had been stolen. Not so. First, there was evidence that Petitioner and Riffe habitually earned money for drugs by stealing from stores and then obtaining cash refunds for the stolen merchandise. Second, Riffe testified she had stolen the jeans. Third, there was evidence that Petitioner and Riffe spent the day in question together, driving between various Tucson shops in search of cash refunds. Finally, there was evidence that Petitioner himself kept careful records of the pair's nefarious transactions, including transactions which took place on the day of Petitioner's arrest.
 
 
 9
 The jury was certainly entitled to infer on the basis of the foregoing that Petitioner knew exactly what the two of them stole, where it was stolen, and where they had obtained cash refunds.
 
 
 10
 With respect to Counts II and IV (burglary of the Revco stores), Petitioner claims there was no evidence that the Polaroid film had been stolen. Wrong again. There was evidence that Petitioner himself had stolen some Polaroid film from a Safeway store the day before his arrest.[3]
 
 
 11
 Petitioner's claim that there was no evidence connecting him with Riffe's forgeries and fraudulent artifice schemes must also be rejected: The evidence that Petitioner was particeps criminis to Riffe's use of phony photocopied receipts was ample. There was, in fact, evidence that it was Petitioner himself who made the receipt photocopies.
 
 
 12
 III. Admission of Riffe's Out-of-Court Statement
 
 
 13
 Petitioner claims Due Process and Confrontation Clauses violations in the admission in evidence of the unsworn statement Riffe gave the police after she was placed under arrest.
 
 A. Procedural Default
 
 14
 Respondent argues Petitioner procedurally defaulted on this claim by failing to present his due process argument in this matter to the state courts.
 
 
 15
 Respondent, of course, accurately represents settled law. The doctrine of exhaustion of state remedies requires that in a petition for writ of habeas corpus by a prisoner in state custody a federal court must refuse to entertain argument grounded in federal constitutional rights unless the federal claim was first fairly presented to the state courts, either at trial or on direct or collateral review. Duncan v. Henry, 115 S.Ct. 887, 888 (1995) (citing Picard v. Connor, 404 U.S. 270, 275 (1971); Anderson v. Harless, 459 U.S. 4 (1982)).
 
 
 16
 If the federal claim asserted in the federal habeas petition was fairly presented to the state court, a petitioner has duly exhausted her state remedies even absent a ruling on the merits of the claim by the state supreme court. Thompson v. Procunier, 539 F.2d 26 (9th Cir.1976). Even the absence of any reference in the decision of the state appellate court to the federal claim in question does not foreclose the possibility that the claim was in fact fairly presented in state court. Smith v. Digmon, 434 U.S. 332 (1978).
 
 
 17
 A federal claim is "fairly presented" to the state court for the purposes of fulfilling the exhaustion requirement of 28 U.S.C. § 2254 if the state court is alerted to the fact that the prisoner is asserting a claim under the United States Constitution. Duncan, 115 S.Ct. at 888.
 
 
 18
 In the original petition for writ of habeas corpus under Arizona's Rule 32, Petitioner made the mistake of assuming that because Arizona's evidence rule regarding prior inconsistent statements omits the requirement contained in the Federal Rules of Evidence that the prior statement be under oath, that admission of Riffe's statement to the Tucson police somehow violated his federal constitutional rights.
 
 
 19
 The Federal Rules of Evidence are not a source of federally protected rights. United States v. Augenblick, 393 U.S. 348, 352 (1969) (declaring purpose of evidence rules to be fairness of trials, and recognizing that unfairness at trial is not necessarily a measure of unconstitutionality). States are free to adopt their own rules of evidence, and are in no way bound to follow the federal model. Burgett v. Texas, 389 U.S. 109 (1967). However, the procedures employed in state criminal trials must comport both with the Sixth Amendment right of an accused to confront the witnesses against him, as incorporated into the Fourteenth Amendment, Argersinger v. Hamlin, 407 U.S. 25 (1972); see also Pointer v. Texas, 380 U.S. 400 (1968), and with the Fourteenth Amendment's guarantee of due process. Bruton v. United States, 391 U.S. 123 (1968).
 
 
 20
 Griffin's state habeas petition does, however, rely on the Confrontation, Due Process, and Equal Protection Clauses of the federal constitution. Petitioner's ponderous prose notwithstanding, he does appear to have relied in his challenge to the admission of Riffe's out-of-court statement on the guarantees enshrined in the appropriate federal constitutional amendments.[4]
 
 B. Merits of the Evidentiary Claim
 
 21
 That said, Petitioner's claim that the admission in evidence of the incriminating statement Riffe gave the Tucson police violated his Sixth Amendment right to confront the witnesses against him must fail. The Confrontation Clause is not violated by the admission of a declarant's out-of-court statement, at least where the declarant testifies as a witness, and is subject to cross-examination. California v. Green, 399 U.S. 149, 158 (1970); Ohio v. Roberts, 448 U.S. 56, 64 (1980) (requiring proponent of hearsay evidence either to produce the declarant for cross-examination or to prove declarant's unavailability).
 
 
 22
 Where the witness admits under oath to having made an out-of-court statement, and may then be asked to explain any inconsistency between her past and present versions of the events at issue, the Confrontation Clause does not require that the prior statement be excluded from evidence. Green, id. at 164. Cf. United States v. McKinney 707 F.2d 381, 382-83 (9th Cir.1983) (finding violation of Confrontation Clause where declarant co-defendant did not testify at trial).
 
 
 23
 Here, Riffe did testify, and was subject to cross-examination regarding the out-of-court statement. Thus it cannot be said that the admission in evidence of Riffe's out-of court statement to the police in which she incriminated Petitioner violated his Sixth Amendment right of confrontation.
 
 
 24
 Petitioner also claims the admission of Riffe's statement violated his Fifth and Fourteenth Amendment Due Process rights. Erroneous evidentiary rulings in state criminal proceedings violate due process where the error is gross, conspicuously prejudicial or of such import that the trial was fatally infected. Griffin v. Delo, 33 F.3d 895, 904 (8th Cir.1994), cert. denied, 115 S.Ct. 1981 (1995). A state court's evidentiary ruling may justify federal habeas relief only if it in some way renders the state proceeding fundamentally unfair. Bueno v. Hallahan, 988 F.2d 86, 87 (9th Cir.1993) (per curiam). The admission of inculpatory testimony violates due process only if there are no permissible inferences the jury may draw from the evidence and the testimony is of such quality as necessarily prevents a fair trial. Henry v. Estelle, 993 F.2d 1423, 1427 (9th Cir.), opinion amended and superseded on denial of reh'g en banc, 33 F.3d 1037 (9th Cir.1993), and cert. granted and judgment rev'd on other grounds sub nom. Duncan v. Henry, 115 S.Ct. 887 (1995).
 
 
 25
 In this case, there were certainly inferences to be drawn from the statement regarding Petitioner's guilt, indeed, Riffe's statement explicitly inculpated Petitioner. There was also other evidence of Petitioner's guilt. There were the photocopied receipts, there was Riffe's testimony regarding the pair's ongoing criminal enterprise, and there was Riffe's incredible exculpatory testimony. In addition, Petitioner had ample opportunity at trial to cross-examine Riffe regarding the making of the out-of-court incriminating statement. It is therefore not possible to find that the out-of-court statement necessarily prevented a fair trial. The admission of that statement did not deny Petitioner his due process rights. Bueno, ibid.
 
 IV. Jury Instructions
 
 26
 Petitioner claims constitutional error in the state trial court's failure sua sponte to instruct the jury that it must, in order to convict him, find that the Polaroid film Petitioner and Riffe attempted to return for cash was in fact stolen.
 
 
 27
 Respondents argue procedural default, claiming Petitioner never presented a federal claim that the jury instructions were inadequate to the state courts. Petitioner did, however, include in his state habeas petition a claim of a "due process" violation in the omission from the jury instructions of an instruction on the need to find the predicate theft. Respondents argue as well that because Petitioner did not request such an instruction at trial, the absence of such an instruction constitutes grounds for habeas relief only if such absence constituted fundamental error.
 
 
 28
 By any standard, however, the instructions given the jury were not constitutionally inadequate. The instructions on fraud, forgery, and fraudulent scheme and artifice all made clear that Petitioner could not be convicted without proof of his intent to derive an improper benefit. No juror could have assumed that a cash refund for a properly purchased item could be deemed an improper benefit. There was therefore no error in the trial court's failure sua sponte to give an instruction on the predicate theft.
 
 
 29
 AFFIRMED.
 
 
 
 *
 This disposition is not intended for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 *
 This panel unanimously finds this case suitable for decision without oral argument. Fed.R.Evid. 34; Ninth Cir.R. 34-4
 
 
 **
 Honorable James F. Battin, Senior United States District Judge for the District of Montana, sitting by designation
 
 
 ***
 Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation
 
 
 [1]
 The decision of the Arizona Court of Appeals does not address the issues raised by Petitioner's state habeas claim separately from the issues raised on direct appeal, other than by captioning the decision, in part, as "Petition for Review Denied," and by refusing to "disturb" the trial court's ruling on the petition
 
 
 [2]
 The habeas petition filed with the state trial court alleges that "[t]he ultimate fact of whether or not the FILM WAS STOLEN [sic] was never established by the state...." E.R. L, at 1. The petition further argued that "where ultimate fact [sic] is an element of crime [sic], it may not rest on the mandatory presumption." Id. at 4. It continued,
 The due process clause of the 14 [sic] Amendment protects an accused against a conviction except upon proof beyond a reasonable doubt of every element and fact necessary to constitute a crime with which he is charged. Foregoing Constitutional principal [sic] prohibits state [sic] from using evidentuary [sic] presumptions in a Jury [sic] charge that have an effect of relieving state [sic] of it's [sic] burden of pursuasion [sic] beyond a reasonable doubt of every essential element of a crime. U.S. Constitutional Amendment 14, Francis v. Franklin, 105 S.Ct.1965, 471 U.S. 307.
 E.R. L, at 5.
 Petitioner's poor erudition aside, it cannot be gainsaid that he did in fact raise a colorable federal claim in at least one post-conviction proceeding in the state courts.
 
 
 [3]
 This evidence took the form of Riffe's unsworn statement to Tucson Police Officer Frank Reed, made the day Petitioner and Riffe were arrested. The issue whether the admission of this evidence violated Petitioner's Fifth and Fourteenth Amendment Due Process and/or his Sixth Amendment Confrontation rights is discussed infra
 
 
 [4]
 Griffin argued in his Rule 32 petition for post-conviction relief that
 because of this unconstitutional interpretation [by the drafters of Arizona's evidence rule] of the Supra Rule [i.e. Fed.R.Evid. 801(d)(1)(A) ], therefore makes the use of [my] codefendant's "Unsworn Statement" void; that because the statement was used as substantive evidence and to prove truth of matters asserted, has denied [me] a fair trial.
 E.R. L, at 17.
 In support of this argument Petitioner cited Francis Heller's book The Sixth Amendment to the Constitution of the United States (1951), as well as Hickory v. United States, 151 U.S. 303, 309 (1894), and United States v. Block, 88 F.2d 618, 620 (2d Cir.), cert. denied, 301 U.S. 690 (1937). He then proceeded to argue that "[t]he Confrontation Clause 'ensures' that the Witness will give his or her statement under oath " (emphasis in original). Finally, Petitioner argued that the admission of Riffe's out of court statement "has denied Petitioner Due Process of Law and Equal Protection." E.R. L, at 18.