Donald F. STUMPF, Petitioner—
Appellant,

v.

State of ALASKA; Larry Kincheloe,
Superintendent, Respondents—
Appellees.

No. 00–36055.
D.C. No. CV–97–00123–HRH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 11, 2003.

Decided Aug. 26, 2003.

Donald F. Stumpf, Juneau, AK, Meredith A. Ahearn, Esq., Hagans, Ahearn, McLaughlin, Webb, Anchorage, AK, Pro Se.

Nancy R. Simel, Eric A. Johnson, Assistant Attorney General, Anchorage, AK, for Respondents–Appellees.

Before PREGERSON, CANBY, and MCKEOWN, Circuit Judges.

### MEMORANDUM *

We reject the seven grounds for 28 U.S.C. § 2254 habeas relief urged by

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

Stumpf.[1]

■ First, the introduction of grand jury testimony that was later determined to be perjury did not violate Stumpf's right to due process. Because the right to a grand jury has not been applied to the states via the Fourteenth Amendment, *see Apprendi v. New Jersey*, 530 U.S. 466, 499, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (citing *Hurtado v. California*, 110 U.S. 516, 538, 4 S.Ct. 111, 28 L.Ed. 232 (1884)), Stumpf's Fifth Amendment challenge to the grand jury proceedings does not raise a question of federal law and is not cognizable on habeas review. *See* 28 U.S.C. § 2254(d).

■ Second, Stumpf failed to demonstrate that the trial court's limitations on cross-examination, which prohibited Stumpf's attorney from asking questions concerning prior bad acts without an evidentiary basis for his good-faith belief that the inquiry was proper, violated his Fifth Amendment rights.

■ Third, the introduction of out-of-court statements by Stumpf's co-conspirator did not violate Stumpf's right to confront witnesses against him. The statements contested by Stumpf were either admissible under the co-conspirator exception to the hearsay rule, *see Bourjaily v. United States*, 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987), or were duplicative of the admissible statements and therefore harmless error. *See Ohio v. Roberts*, 448 U.S. 56, 65, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).

■ Fourth, the introduction of out-of-court statements by Donald Shin did not violate Stumpf's right to confront witnesses against him. The statements were either admissible for a non-hearsay purpose, *see Tenn. v. Street*, 471 U.S. 409, 413–417, 105 S.Ct. 2078, 85 L.Ed.2d 425 (1985), or fell within the present-sense impression exception to the hearsay rule. *See* Fed. Rule Evid. 803(1); Alaska Evid. Rule 803(1).

■ Fifth, the admission of lay opinion testimony concerning Stumpf's guilt did not violate his Fifth Amendment right to due process. The state court's decision to admit some of the opinion testimony, for the limited purpose of explaining the subsequent actions of the witnesses, was based on a reasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. §§ 2254(d) and (e)(1). While Jenny Sather's opinion was not properly admitted to explain her actions, Stumpf failed to demonstrate that the error had substantial and injurious effect or influence in determining the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Finally, the state court correctly concluded that the improper admission of the remaining lay opinion testimony was harmless error, because the testimony was cumulative of opinion testimony which Stumpf himself admitted.

■ Sixth, Stumpf's Fourteenth Amendment claims were procedurally defaulted because he did not present them to the Alaska Supreme Court. *See Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir.1987).

Finally, Stumpf's contention that the district court did not adequately examine the state court record is without merit.

■ The evidence against Stumpf was truly overwhelming. Even if the trial errors are considered cumulatively, there is

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review de novo the district court's denial of a 28 U.S.C. § 2254 petition. *See Killian v. Poole*, 282 F.3d 1204, 1207 (9th Cir.2002).

no possibility that they had an "injurious effect or influence" on the verdict. *Brecht*, 507 U.S. at 637, 113 S.Ct. 1710.

AFFIRMED.

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.