Hubert A. **ROMAN**, Plaintiff–Appellant,

v.

Wayne E. **ESTELLE,**
Defendant–Appellee.

No. 90–55165.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 1990.*

Decided Oct. 29, 1990.

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

**1506**

Hubert A. Roman, San Luis Obispo, Cal., in pro per.

John K. Van De Kamp, Atty. Gen., State of Cal., Richard B. Iglehart, Chief Asst. Atty. Gen., Edward T. Fogel, Jr., Asst. Atty. Gen., Donald F. Roeschke, Deputy Atty. Gen., Los Angeles, Cal., for respondents-appellees.

Before REINHARDT and LEAVY, Circuit Judges, and KING, Senior District Court Judge.**

SAMUEL P. KING, Senior District Judge:

The district court dismissed petitioner's habeas corpus action on the ground that petitioner had failed to exhaust his state court remedies. The district judge relied on *Castille v. Peoples*, 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989), holding that a "petition for allocatur" to the Pennsylvania Supreme Court was not a "fair presentation" of a petitioner's claims to the Pennsylvania courts.

In *Turner v. Compoy*, 827 F.2d 526 (9th Cir.1987), *cert. denied*, 489 U.S. 1059, 109 S.Ct. 1327, 103 L.Ed.2d 595 (1989), we held that when the California Supreme Court denies a "petition for hearing" without citation or comment, it will be assumed that "the state supreme court has been given a fair opportunity to review the merits" of the petitioner's claim. *Id.* at 530. *See also Prantil v. State of California*, 843 F.2d 314, 316 n. 1 (9th Cir.), *cert. denied*, 488

U.S. 861, 109 S.Ct. 158, 102 L.Ed.2d 129 (1988); *Hall v. Sumner*, 682 F.2d 786 (9th Cir.1982).

The procedure for a "petition for hearing" before the California Supreme Court was amended in 1985 and is now called a "petition for review." *See* Rule 29(a) of the California Rules of Court and the Advisory Committee Comments to Rule 28. The same principle holds for California's "petition for review" as for the earlier "petition for rehearing."

In this case, petitioner's federal habeas petition raises several claims. Of these claims, however, only the one regarding jury instructions was raised in his petition for review to the California Supreme Court. Accordingly, we find that petitioner has exhausted his state court remedies only as to that claim. Petitioner should be given the opportunity to amend his petition to include only the claim as to which there has been an exhaustion of state court remedies. *See Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982); *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir.1988).

Appellee suggests that petitioner's appeal to this court was untimely. A review of the record demonstrates that it was not.

REVERSED and REMANDED for further proceedings consistent with this opinion.

---

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.