2 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence Romeo FRANK, Petitioner-Appellant,
v.
Eddie YLST, Warden, Respondent-Appellee.
 No. 92-56614.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1993.*
Decided July 8, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence Romeo Frank, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for habeas corpus. The district court determined that Frank had not exhausted available state remedies. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 A petitioner has not satisfied the exhaustion requirement unless he has fairly presented his claims to the highest state court. Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986). Submitting a new claim to a state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation. Castille v. Peoples, 489 U.S. 346, 351 (1988).
 
 
 4
 Frank was convicted by guilty plea of second-degree robbery with the use of a firearm. On direct appeal, his counsel filed a brief pursuant to People v. Wende, 600 P.2d 1071 (1979), in which he requested the California Court of Appeal to make a thorough, independent review of the record to determine whether any arguable issues were present. No issues were raised in the brief. The California Court of Appeal advised Frank that he had 30 days to submit any contentions he wished the Court to consider. Frank did not respond, and the Court of Appeal determined that no arguable issues existed.
 
 
 5
 Frank then filed a petition for review in the California Supreme Court. In that petition, he raised the issues he sought to present to the federal court in his habeas corpus petition.[1] The California Supreme Court denied the petition without citation.
 
 
 6
 The California Supreme Court normally will not consider any issue that could have been, but was not, timely raised in the briefs filed in the California Court of Appeal. See California Rule of Court 29(b) (West Supp.1993); People v. Cookson, 820 P.2d 278, 284 (1991). Because Frank submitted his claims for the first time to the California Supreme Court in a procedural context in which they would not be considered absent special circumstances, he has not fairly presented his claims to the California courts. See Castille, 489 U.S. at 351.[2] Accordingly, we find that he has not exhausted his state remedies. See Middleton, 768 F.2d at 1086.[3]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Those issues are that the trial court should have allowed him to withdraw his guilty plea because it was involuntary and coerced, and that he received ineffective assistance of counsel
 
 
 [2]
 This Court presumes that petitions denied by the California Supreme Court without citation or comment have been denied on the merits, and thus that the claims presented therein have been exhausted. See Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th Cir.1992); Roman v. Estelle, 917 F.2d 1505, 1506 (9th Cir.1990). However, we decline to apply that presumption here, because Frank's claims are based on information outside of the record on appeal to the California Supreme Court
 
 
 [3]
 Appellees concede that Frank has state remedies available for both of his contentions. Appellees' Brief at 6 (in California, claims regarding ineffective assistance of counsel and involuntary guilty pleas are appropriately considered on habeas corpus)