86 F.3d 1161
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edwin Coe BERGMAN, Petitioner-Appellant,
v.
W.A. DUNCAN, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 95-55992.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1996.
Decided May 22, 1996.
 
 Before: GIBSON,* NOONAN, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edwin Coe Bergman, a California state prisoner, appeals the district court's dismissal of his habeas corpus petition without prejudice for failure to exhaust state remedies. We affirm.
 
 I. BACKGROUND
 
 3
 On June 14, 1980, law enforcement officers arrested Bergman and charged him with, among other offenses, the murder and robbery of Tony Bass. Prior to his trial, and on the advice of his attorney, Bergman agreed to cooperate with the police and prosecutors in their efforts to locate Bass's body. Bergman's attorney told him that, in exchange for this assistance, the authorities would recommend that bail be set in his case and would consider releasing $4,550 that had been seized from him when he was arrested. On July 2, 1981, Bergman and his counsel accompanied various law enforcement officers to Lake Mead, Nevada, where Bergman claimed to have disposed of Bass's body. The search party was unable to locate the body, however, and the prosecutors refused to recommend that bail be set for Bergman. In addition, Bergman did not obtain pretrial release of the seized funds, which he apparently needed to pay for his defense. At Bergman's criminal trial, though, the state introduced evidence regarding his participation in the excursion to Lake Mead.
 
 
 4
 The jury subsequently found Bergman guilty of second degree murder, rape, forcible oral copulation, and kidnapping. Challenging his convictions before the California Court of Appeal, Bergman primarily relied on People v. Pope, 590 P.2d 859 (Cal.1979) (en banc), to argue that his attorney, by persuading him to travel to Lake Mead with law enforcement authorities, had rendered ineffective assistance of counsel. The appellate court affirmed the convictions, finding that Bergman's attorney provided competent representation. Bergman then petitioned the California Supreme Court to hear his appeal. In his petition, he cited the recent case of People v. Fosselman, 659 P.2d 1144 (Cal.1983) (en banc), in support of his assertion that the attorney had provided constitutionally inadequate assistance. The California Supreme Court denied Bergman's petition without comment.
 
 
 5
 Over nine years later, on November 30, 1993, Bergman filed a petition for habeas corpus in the United States District Court for the Central District of California. The gravamen of Bergman's federal claim is that his pretrial defense attorney acted pursuant to a financial conflict of interest that resulted in inadequate assistance under Cuyler v. Sullivan, 446 U.S. 335 (1980). According to Bergman, counsel allowed his personal interest in procuring the seized funds, which reportedly were to be used to finance the defense, to overshadow his responsibility of zealous representation. The district court, adopting the report and recommendation of a magistrate judge, concluded that Bergman had failed to exhaust this claim in the California state courts and thus dismissed the habeas petition without prejudice. Bergman now appeals the district court's judgment, and we affirm.
 
 II. DISCUSSION
 
 6
 Bergman asserts that the conflict of interest claim contained in his habeas corpus petition parallels the ineffective assistance assertion that he raised on direct appeal of his convictions; he therefore contends that the district court erroneously refused to consider the merits of his petition. We review de novo a district court's dismissal of a habeas corpus petition for failure to exhaust. See Turner v. Compoy, 827 F.2d 526, 528 (9th Cir.1987), cert. denied, 489 U.S. 1059 (1989).
 
 
 7
 We agree with the district court that Bergman has failed to exhaust his conflict of interest claim. The exhaustion analysis "reflects a policy of federal-state comity ... designed to give the State the initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (quotations omitted). To satisfy the requirement, a habeas petitioner must fairly present to the state courts the substance of his federal habeas corpus claim. Anderson v. Harless, 459 U.S. 4, 6 (1982). "A claim is fairly presented if the petitioner has described the operative facts and legal theory on which his claim is based." Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986).
 
 
 8
 In People v. Pope, 590 P.2d 859 (Cal.1979) (en banc), upon which Bergman relied in his direct appeal, the California Supreme Court decided that a criminal defendant who asserts incompetence of counsel must initially establish that the attorney "failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates." Pope, 590 P.2d at 866. The case additionally required a defendant to demonstrate that his counsel's unreasonable conduct resulted in rather specific prejudice; in particular, it was necessary to show that "counsel's acts or omissions resulted in the withdrawal of a potentially meritorious defense." Id. In People v. Fosselman, 659 P.2d 1144 (Cal.1983) (en banc), the California Supreme Court extended the prejudice component of Pope, holding that aggrieved defendants could alternatively satisfy this element by proving that "it is reasonably probable a determination more favorable to the defendant would have resulted in the absence of counsel's failings." Fosselman, 659 P.2d at 1151.
 
 
 9
 By contrast, a quite different analytical framework applies to claims of ineffective assistance premised upon an attorney's alleged conflict of interest. Where a defendant does not object to the asserted conflict at his criminal trial, this legal theory demands that he "demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). Once a party has met this standard, though, the courts presume that the conflict prejudiced the defense. Id. at 349-50. This presumption of prejudice applies because of "the obligation of counsel to avoid conflicts of interest and the ability of trial courts to make early inquiry in certain situations likely to give rise to conflicts." Strickland v. Washington, 466 U.S. 668, 692 (1984).
 
 
 10
 On direct appeal of his convictions, Bergman made no attempt to show that his attorney acted under an "actual conflict of interest" or that the conflict "adversely affected his lawyer's performance." See Cuyler, 446 U.S. at 348. Notably, Bergman did not alert the state courts to the cases relevant to a conflict of interest inquiry and did not attempt to take advantage of the presumption of prejudice available under that doctrine. Instead, he vigorously argued that his attorney's pretrial advice was not "within the range of competence demanded of attorneys in criminal cases," Pope, 590 P.2d at 865 (quotation omitted), and he claimed that he had made the requisite showing of prejudice to justify relief. Indeed, he urged the California courts to adopt a concept of prejudice that would more readily encompass the facts of his case.[1]
 
 
 11
 Although Bergman in his brief before the California Court of Appeal made only fleeting reference to his attorney's alleged financial interest in the seized funds, we do recognize that in his petition for review in the California Supreme Court he made more emphatic mention of the pecuniary considerations reportedly underlying the lawyer's advice. Nonetheless, even assuming, without deciding, that Bergman alerted the state courts to the operative facts relevant to a conflict of interest analysis, he made no attempt to apply the pertinent legal theory to those allegations. Under these circumstances, we cannot conclude that Bergman afforded the California courts "the first opportunity to hear the claim sought to be vindicated in [his] federal habeas proceeding." Picard, 404 U.S. 270, 276; see also Anderson, 459 U.S. at 6 ("It is not enough that all the facts necessary to support the federal claim were before the state courts...."). Simply put, Bergman neglected to fairly present the substance of his federal habeas corpus claim to the California courts. While Bergman's general incompetency assertion is undeniably similar to the conflict of interest claim he currently raises, "mere similarity of claims is insufficient to exhaust."[2] Duncan v. Henry, 115 S.Ct. 887, 888 (1995); see also Wyldes v. Hundley, 69 F.3d 247, 253 (8th Cir.1995) (stating that habeas petitioners must present the state courts with the same specific claims of ineffective assistance made out in the habeas petition), cert. denied, 64 U.S.L.W. 3726 (U.S. Apr. 29, 1996) (No. 95-8218).
 
 
 12
 We also deem it proper to note independent support for our disposition of this case. Though ultimately without merit, Bergman's only colorable claim of fair presentation is grounded in his petition for hearing in the California Supreme Court. That court exercises discretionary review of cases decided by the state's intermediate appellate courts, however, and generally will only consider those appeals "where it appears necessary to secure uniformity of decision or the settlement of important questions of law."[3] Cal.Rules of Court, Rule 29(a). Thus, due consideration of the United States Supreme Court's opinion in Castille v. Peoples, 489 U.S. 346 (1989), would prevent us in any case from reversing the district court's opinion. In that case, the Supreme Court determined that the exhaustion requirement is not satisfied "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor." Id. at 351 (quotation omitted). Accordingly, Bergman could not have exhausted his federal habeas claim by raising it for the first time on direct review in a petition for hearing in the California Supreme Court.[4]
 
 III. CONCLUSION
 
 13
 Bergman failed to exhaust his conflict of interest claim in the California state courts. Consequently, we affirm the district court's dismissal without prejudice of Bergman's habeas petition.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable Floyd R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bergman stated to the California courts:
 It would thus seem that the Pope requirement that there be a loss of a "potentially meritorious defense" should be expanded to include "providing the prosecution with evidence that facilitates conviction." An additional expansion should concern acts of counsel that result in denying appellant a strategic position (wherein he may possibly have defended on the basis of the weakness of the prosecution case and without testifying).
 E.R. at 411 (Bergman's brief in the California Court of Appeal); see also E.R. at 506 (Bergman's petition for hearing in the California Supreme Court).
 
 
 [2]
 Available state procedures are presently open to Bergman, for he will be able to raise his conflict of interest claim in a petition for habeas corpus relief in the California state courts. See Pope, 590 P.2d at 867 (deciding that a claim of ineffective assistance is cognizable on state postconviction review)
 
 
 [3]
 The California Supreme Court will also grant further review in two other presumably rare scenarios not relevant to this appeal. See Cal.Rules of Court, Rule 29(a)(2)-(3)
 
 
 [4]
 We do not feel that this conclusion is foreclosed by our holding in Roman v. Estelle, 917 F.2d 1505 (9th Cir.1990). In that case, the court did not specify whether the habeas petitioner had for the first time raised his claims in a petition for review in the California Supreme Court. Aware that the panel in Roman was, as we are, bound to uphold decisions by our Supreme Court, we must conclude that the habeas petitioner in that case had properly presented his claims to California's intermediate appellate courts