NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM W. CASTLE, | No. 09-16660 |
| Plaintiff-Appellant, | D.C. No. 08-cv-1036PHX-MHM |
| v. | |
| DORA B. SCHRIRO, *et al.*, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for District of Arizona
Mary H. Murguia, District Judge, Presiding

Submitted November 1, 2010[***]
San Francisco, California

Before:     HALL and THOMAS, Circuit Judges, and LASNIK,[**]
District Judge.

---

[*]    This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

[**]    Honorable Robert S. Lasnik, Chief District Judge for the Western District of Washington, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a) (2).

William W. Castle, an inmate in the Arizona prison system, appeals from a final order of the United States District Court denying his petition for writ of habeas corpus. Castle contends that (1) the district court erred when it denied habeas relief on the ground that Castle failed to exhaust his state remedies and (2) the district court made clearly erroneous factual determinations in denying the petition. The district court granted a certificate of appealability to determine "whether petitioner exhausted his state remedies in light of Peterson v. Lampert, 319 F.3d 1153." Read in the context of the proceedings below, the district court's certificate of appealability reaches only a single issue: whether Castle provided the state courts a fair opportunity to review his double jeopardy claim regarding consideration of value as both an element of the crime and as an aggravating sentencing factor. Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

## I. Exhaustion of the Double Jeopardy Claim

In his first petition for post-conviction relief, Castle argued that consideration of "value" as both an element of the underlying offense and as an aggravating factor at sentencing "is problematic" because the factor did not rise "to a level beyond that which is merely necessary to establish an element of the underlying crime." ER 167. Castle cited the Arizona sentencing statute and two Arizona cases as support. Both of the cited cases, State v. Munninger, 209 Ariz.

473, 104 P.3d 204 (2005),[1] and <u>State v. Tinajero</u>, 188 Ariz. 350, 935 P.2d 928 (1997),[2] discuss the proper consideration of aggravating factors that mirror elements of the crime under state law. No federal cases are cited and no constitutional limitations are discussed. Fair presentation of a federal constitutional issue to the state courts requires that petitioner describe both the operative facts and the federal legal theory on which his claim is based. <u>Davis v. Silva</u>, 511 F.3d 1005, 1009 (9th Cir. 2008). In the circumstances presented here, the trial court would have had no reason to suspect that Castle was asserting a federal double jeopardy or due process claim related to the amounts involved in his crime.

The presentation of a federal double jeopardy claim for the first time to the Arizona Court of Appeals did not remedy the initial failure to exhaust. The general rule is that the submission of a new claim to a state's appellate court on discretionary review does not constitute a fair presentation of the issue for exhaustion purposes. <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989). Only if the appellate court goes ahead and considers the new issue on its merits are the

---

[1]  <u>Munninger</u> was abrogated on other grounds, <u>see</u> <u>State v. Martinez</u>, 210 Ariz. 578, 115 P.3d 618 (2005).

[2]  <u>Tinajero</u> was disapproved on other grounds, <u>see</u> <u>State v. Powers</u>, 200 Ariz. 363, 26 P.3d 1134 (2001).

3

interests of comity satisfied such that the federal court can properly consider the issue under 28 U.S.C. § 2254(b)(1)(A). Castille, 489 U.S. at 350-51 (citing Brown v. Allen, 344 U.S. 443, 448-49 n.3 (1953)); Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). The issue, then, is whether the Arizona Court of Appeals addressed the merits of Castle's double jeopardy claim when it summarily denied discretionary review.

Under Arizona practice and procedure, the failure to raise a ground for relief in a Rule 32 proceeding before the court in which the conviction occurred constitutes a waiver. A plea-convicted defendant such as petitioner gives up his right to a direct appeal and may seek post-conviction review in the Arizona Superior Court as provided in Ariz. R. Crim. P. 32. Summers v. Schriro, 481 F.3d 710, 715 (9th Cir. 2007). A Rule 32 proceeding displaces and incorporates all post-conviction remedies other than post-trial motions and habeas petitions (Rule 32.3) and must be filed in the court in which the conviction occurred (Rule 32.4(a)), *i.e.*, the trial court. If the trial court issues an adverse decision, defendant may file a petition for appellate review. Rule 32.9(c). "A defendant shall be precluded from relief under this rule based upon any ground . . . [t]hat has been waived at trial, on appeal, or in any previous collateral proceeding." Rule 32.2(a).

4

Castle failed to comply with Arizona's mandatory and exclusive procedure for seeking post-conviction relief by not asserting his double-jeopardy claim in his Rule 32 petition. When Castle attempted to assert the claim for the first time before the Arizona Court of Appeals, it "considered [his] petition for review from the trial court's denial of post-conviction relief" and denied review. There is nothing about this language that suggests the appellate court evaluated the merits of Castle's double-jeopardy claim: the court says nothing more than that the matter came before it on Castle's petition and review was denied. Even if one were to assume that the court "considered" the merits of Castle's arguments (and not just his request for review), only those arguments rejected by the trial court could conceivably fall within such review. Given the clear procedural bar set forth in Rule 32.2(a), the only "fair and plausible" reading of the Arizona Court of Appeals' denial of review is that it did not consider the double-jeopardy claim on the merits.

The exhaustion analysis in this case is therefore governed by <u>Castille</u>, in which the Pennsylvania Supreme Court denied a petition for discretionary review without opinion. <u>Castille</u>, 489 U.S. at 347. Because (a) defendant was seeking relief in a procedural context that would have required special circumstances to justify appellate review in the first instance and (b) the state supreme court simply

5

denied review, there was no inference that a merits review had occurred. Id. at 351. The Supreme Court therefore concluded that the issue had not been fairly presented to the state court. Id. The same result applies here.[3] Thus, the Court finds that the Arizona state courts were not given a fair opportunity to evaluate the

---

[3] There are two lines of cases in the Ninth Circuit that contain broad language to the effect that a summary denial of review is a decision based on the merits unless the appellate court expressly states that the denial is based on procedural grounds. These cases are based on analyses of California and Nevada practice and procedure. See Chambers v. McDaniel, 549 F.3d 1191, 1195-97 (9th Cir. 2008) (Nevada law); Roman v. Estelle, 917 F.2d 1505, 1506 (9th Cir. 1990) (California law). A review of these cases and their progenitors does not support a blanket assumption that all appellate dispositions are on the merits unless a procedural ground is expressly stated. Rather, this Circuit evaluates state procedure and the language of the appellate court's decision when determining whether a "fair and plausible" reading of the order shows that the petition was denied on the merits. See Harris v. Superior Court, 500 F.2d 1124, 1127-29 (9th Cir. 1974) (analyzing changes in California Supreme Court practice before concluding that "[t]here is now no reason to suppose that a postcard denial without opinion is indicative of anything but a decision on the merits of the petition, except where a citation in the order tells us so."); Turner v. Compoy, 827 F.2d 526, 528 (9th Cir. 1987) (finding that if state law mandates a particular procedure for seeking post-conviction relief to the exclusion of other avenues, as is the case in Idaho, a summary dismissal of a petition that deviates from the specified procedure is presumed to be a dismissal on procedural grounds); Greene v. Lambert, 288 F.3d 1081, 1086-87 (9th Cir. 2002) (evaluating Washington procedure, the state supreme court's normal practice, and the disposition of petitioner's motion for reconsideration before determining whether the court's "cryptic" opinion was "most naturally understood" as a decision on the merits); Chambers, 549 F.3d at 1196-97 (analyzing Nevada law, the state supreme court's practice, and the court's express statement that it had considered all of the documents in the record and determined that the requested relief was not warranted before determining that the denial was on the merits). Both Greene and Chambers note that, had the state appellate court simply denied review or dismissed the petition without comment, the general rule of Castille – that a claim is not exhausted if it has been presented for the first time in a procedural context in which its merits will not be considered absent extraordinary circumstances – would have applied. Such is the case here. In the face of a clear procedural bar, the Arizona Court of Appeals acknowledged Castle's petition and denied review without comment. No consideration of the merits of Castle's double-jeopardy claim occurred, and neither common sense nor Ninth Circuit law requires that it be presumed.

6

merits of Castle's double-jeopardy claim, and the district court correctly determined that Castle failed to exhaust his state remedies.

Castle argues that, because he pursued post-conviction relief pro se, his submissions should be "read differently" under Peterson, 319 F.3d at 1159. While it is true that courts must be cognizant of the fact that pro se litigants may utilize words and phrases without fully understanding their legal significance, a review of the petition must nevertheless fairly apprise the state court of the federal basis for the challenge. Castle's petition did not do so and, under principles of comity and 28 U.S.C. § 2254(b)(1)(A), habeas relief cannot be granted by the federal courts.

## II. Denial of Castle's Second Petition for Post-Conviction Relief

In his second petition for post-conviction relief, Castle challenged the consideration of aggravating factors at sentencing that were not charged in the indictment or proven to a jury beyond a reasonable doubt. Castle argued that a second petition was appropriate because Cunningham v. California, 549 U.S. 270 (2007), worked a significant change in law for purposes of Ariz. R. Crim. P. 32.1(g). The trial court dismissed the petition on the grounds that Blakely v. Washington, 542 U.S. 296 (2004), was decided before Castle was sentenced[4] and that Castle had consented to judicial fact-finding as part of his plea agreement.

---

[4] The state court misstated the basis of Castle's second petition, which was based on Cunningham, 549 U.S. 270, not on Blakely, 542 U.S. 296.

7

The state court of appeals denied review, and Castle chose not to pursue the second petition before the state supreme court.

The district court erroneously found that Castle's failure to appeal to the Arizona Supreme Court constitutes a failure to exhaust available state remedies. Unless a habeas petition challenges a sentence of death or life in prison, "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). In order to correct this error, the Court hereby expands the certificate of appealability to encompass Castle's claim that his due process rights were violated when the trial court sentenced petitioner on the basis of factors not charged in the indictment and found by a jury.

Reversal is not warranted, however, because the state court's conclusion that Castle's Cunningham claim was not based on a significant change in the law was not contrary to or an unreasonable application of clearly established Supreme Court precedent. Any Sixth Amendment challenge to Castle's sentence based on the fact that aggravating factors were determined by the judge, rather than a jury, could have and should have been brought in the first petition for post-conviction relief under Blakely. Cunningham, which was decided after Castle was sentenced, merely applied the legal theories discussed in Blakely. Cunningham, 549 U.S. at

8

275, 282-84, 288-90. Thus, the state court reasonably found that, because Cunningham was not a significant change in law that would entitle Castle to relief, the claim was procedurally barred under Ariz. R. Crim. P. 32.2.[5]

**AFFIRMED.**

---

[5] In the alternative, Castle's consent to "judicial fact-finding by preponderance of the evidence as to any aspect or enhancement of sentence" and express waiver of his "right to a determination by a jury of any fact used to impose a sentence within the sentencing range" are enforceable and effective. Blakely, 542 U.S. at 310. Thus, Castle would not be entitled to relief under Blakely or Cunningham even if Claim 5 had been timely asserted in his first petition for post-conviction relief.

*United States v. Castle*, No. 09-16660

THOMAS, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that Castle has exhausted the issues raised in his second petition for post-conviction relief and that we should deny them on the merits. However, controlling precedent compels the conclusion that Castle has also sufficiently exhausted his federal double-jeopardy claim before the Arizona Court of Appeals. Therefore, I concur in Section II of the memorandum disposition but respectfully dissent from Section I.

A federal claim, raised for the first time on discretionary review, is nonetheless exhausted if the reviewing court addresses the merits of the claim. *See Chambers v. McDaniel*, 549 F.3d 1191, 1196 (9th Cir. 2008) (citing *Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002)). The majority concludes that the Arizona Court of Appeals did not address the merits of Castle's federal claim because the court issued a summary denial and the claim was procedurally defaulted. As a result, the majority reasons, the Arizona state courts were not given a fair opportunity to evaluate the merits of Castle's federal claim.

This conclusion, however, is founded on the erroneous assumption that if a reviewing court summarily denies a procedurally defaulted claim, then the denial must have been based on procedural grounds. To the contrary, our Circuit starts from precisely the opposite premise. *See, e.g., Hunter v. Aispuro*, 982 F.2d 344,

347–48 (9th cir. 1992) (holding that a reviewing court's "bare," "unexplained denial" of a procedurally defaulted federal claim is assumed to be a denial on the merits); *accord Chambers*, 549 F.3d at 1196–97 (9th Cir. 2008); *Greene*, 288 F.3d at 1087 ("We construe[ ] a bare postcard denial . . . as a decision on the merits, for purposes of the exhaustion requirement, unless that court *expressly* relied on a procedural bar." (emphasis added)).

Here, the Arizona Court of Appeals did not expressly deny Castle's petition on procedural grounds, and there is no reason to assume it did so. If anything, in accordance with our settled guiding principles, we should assume the court denied the petition on the merits. *See id.*; *Chambers*, 549 F.3d at 1196–97. This assumption does not depend, as the majority suggests, on the procedural steps a petitioner is ordinarily required to first take in the lower courts (e.g., here, Arizona Rule of Criminal Procedure 32). *See Chambers*, 549 F.3d at 1196–97. In *Chambers*, for instance, our analysis hinged solely on the Nevada high court's ambiguous response to the petition, not whether the petitioner had taken the appropriate procedural steps below. *Id.* In fact, we encounter this type of issue precisely because the petitioner did not correctly follow the requisite procedure. Accordingly, our analysis here—consistent with our controlling precedent in *Chambers*—should focus on the conduct of the Arizona Court of Appeals and not

2

Castle's procedural maneuverings below.

*Castille v. Peoples*, 489 U.S. 346 (1989) is not to the contrary, as the majority suggests. The rule from *Castille*, upon which the majority relies, can be stated as follows: If (1) a petitioner raises a federal claim for the first time in a purely discretionary and "extraordinary" petition and (2) the reviewing court denies the petition without any comment whatsoever, then the federal claim is not exhausted. *See Greene*, 288 F.3d at 1087 n.2 (discussing *Castille*, 489 U.S. 346); *Chambers*, 549 F.3d at 1196–97 (discussing *Castille*, 489 U.S. 346).

*Castille* is easily distinguished from the rule we announced in *Chambers*, namely that if (1) a petitioner raises his federal claim for the first time in a discretionary petition and (2) the language of the reviewing court's summary denial ambiguously suggests the court might have considered the merits of the federal claim, then the claim is exhausted unless the court expressly relied on procedural grounds in denying the claim. *See Chambers*, 549 F.3d at 1196–97; *Greene*, 288 F.3d at 1087 (citing *Harris v. Super. Ct.*, 500 F.2d 1124 (9th Cir. 1974) (en banc); *Hunter v. Aispuro*, 982 F.2d 344 (9th Cir. 1992)).

*Chambers*—and not *Castille*—governs this case. In *Chambers*, as here, we confronted the question of whether a federal claim was exhausted when it had been presented for the first time on discretionary review. There, the Nevada Supreme

3

Court summarily denied the petition, stating, "We have considered the petition on file herein, and we are not satisfied that this court's intervention by way of extraordinary relief is warranted at this time." 549 F.3d at 1195.

In light of this statement, we held that *Castille* did not apply. *Chambers*, 549 F.3d at 1196–98. Even though the statement was "curt and ambiguous," the Nevada Supreme Court stated it had "considered the petition on file." *Id.* at 1196–97. Because the Court did not deny the petition "without comment or opinion," *Castille* did not apply. *Id.* at 1196. Instead, we applied the rule from *Greene*, *Harris*, and *Hunter* (as discussed above) and concluded that the statement could only "fair[ly] and plausib[ly]" be read to suggest that the Nevada Supreme Court had considered the merits of the claim. *Id.* at 1197. As a result, the petitioner had exhausted his federal claim.

Here, the language of the Arizona Court of Appeals' order is virtually identical to the order in *Chambers*. The Arizona Court of Appeals' order denying Castle's petition stated:

> Presiding Judge Diane M. Johnsen, and Judges Michael J. Brown and
> Sheldon H. Weisberg have considered this petition for review from
> the trial court's denial of post-conviction relief. IT IS ORDERED
> denying review.

Just as in *Chambers*, the Arizona Court of Appeals commented that it had "considered this petition." And, just as in *Chambers*, since the Court did not deny

4

the petition "without comment or opinion," *Castille* does not apply.  *Id.* at 1196.

Rather, the *Chambers* rule should be applied.  Because the Arizona Court of

Appeals did not "expressly rely" on procedural grounds in denying Castle's

petition, the denial should be construed as a denial on the merits, which means

Castle's claim is exhausted.

For these reasons, I respectfully dissent from Section I of the memorandum

disposition.