Argued and submitted October 30, 1985, reversed and remanded for further proceedings February 26, reconsideration denied April 11, petition for review denied May 7, 1986 (301 Or 78)

## JAMES RICHARD ALLBEE,
*Respondent,*

*v.*

## KEENEY,
*Appellant.*

(146,254; CA A34405)

714 P2d 1058

Brenda J Peterson, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Ken L. Betterton, Salem, argued the cause for respondent. With him on the brief was Swaim, Betterton & Eder, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Warden, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner sought post-conviction relief, ORS 138.510, alleging that the court in his criminal trial erred in instructing the jury and that he had had inadequate assistance of trial and appellate counsel. He requested a new trial or at least a new appeal. Both parties filed motions for summary judgment, based on the transcript of petitioner's trial and the briefs filed in the appeal from the convictions. The post-conviction court allowed petitioner's motion for summary judgment and granted him a new trial. Defendant appeals.

Petitioner was convicted, after trial by jury, of 11 counts of kidnapping in the first degree resulting from his "skyjacking" of a commercial airliner. The court in the criminal trial charged the jury concerning lesser-included offenses but also instructed it that it must find the petitioner not guilty of kidnapping in the first degree before considering any lesser offenses.

■ Defendant concedes that the latter instruction was error, *State v. Ogden,* 35 Or App 91, 580 P2d 1049 (1978), but argues that trial court error does not justify post-conviction relief. Post-conviction relief shall be granted only if the petitioner establishes:

> "A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial renders the conviction void." ORS 138.530(1)(a).

In order to warrant post-conviction relief, the error in the proceedings resulting in the conviction must be of constitutional dimension and render the conviction void. An erroneous instruction, unless it infects the proceedings constitutionally, does not justify relief under ORS 138.530(1)(a).

■ It is clear from the trial transcript introduced in conjunction with both parties' motions for summary judgment that the principal issue at trial was whether petitioner was criminally responsible for the kidnappings. He had given notice of the defense of nonresponsibility due to a mental disease or defect. An extensive statement written by petitioner, introduced at trial, described in elaborate detail how he

had carried out the skyjacking and the demands that he made for release of the hostages. By the evidence presented, as well as the argument of both counsel, the jury was called on essentially to decide whether petitioner was not guilty by reason of mental disease or defect. We conclude that, under the undisputed facts presented, the error in instruction as a matter of law did not deprive petitioner of a fair trial or deny him due process of law.

■ The post-conviction court also concluded that petitioner was denied effective assistance of trial counsel, because his attorney did not except to the challenged instruction. As indicated, the essential issue was petitioner's responsibility for the crimes that he admitted committing. There is no reasonable possibility that the jury would have arrived at a verdict of guilty of the lesser-included offenses even if it had been properly instructed on lesser-included offenses. In that posture, we conclude that the failure of trial counsel did not prejudice petitioner by adversely influencing the outcome of his trial.

The court erred in granting the petition for post-conviction relief on the grounds stated in the order. Because the lower court granted petitioner a new trial it did not address the allegations of inadequate assistance of appellate counsel or the illegality of the sentence imposed. We reverse the judgment and remand for consideration of the remaining allegations of the petition.

Reversed and remanded for further proceedings not inconsistent with this opinion.