953 F.2d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Richard ALLBEE, Petitioner-Appellant,
v.
Manfred (Fred) MAASS, Respondent-Appellee.
 No. 91-35347.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 21, 1992.
 
 Before JAMES R. BROWNING, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner James Allbee was convicted and sentenced in state court for the kidnapping of eleven passengers aboard a commercial plane he hijacked in August 1979. Allbee challenged both his conviction and the subsequent sentencing in a habeas corpus petition. The district court rejected each of Allbee's arguments for relief and dismissed his petition. On this appeal, the following issues are before us: 1) whether there was sufficient evidence to support the jury's determination that Allbee was not insane within the meaning of Oregon's penal code, 2) whether an admittedly erroneous jury instruction was harmless error, 3) whether Allbee had failed to raise an ineffective assistance of counsel claim (based on his counsel's failure to object to the jury instruction) in his certiorari petition to the Oregon Supreme Court, and therefore had not exhausted his state court remedies as to that claim, and 4) whether the state court violated his due process rights by sentencing him to three consecutive sentences.
 
 
 3
 We conclude that Allbee's arguments are without merit, and affirm the district court's dismissal of his petition.
 
 FACTS
 
 4
 In August 1979, petitioner James Allbee hijacked a commercial plane headed from Portland to Los Angeles. The state charged petitioner with eleven counts of kidnapping in the first degree. During trial, petitioner advanced the defense that he was insane at the time of the hijacking, and therefore should not be considered responsible for his conduct. At the close of trial, the court gave an improper lesser-included instruction: it told the jury that it must first find the appellant not guilty of kidnapping in the first degree before it could consider whether he was guilty of kidnapping in the second degree. Both parties admit that this instruction was erroneous under State v. Ogden, 580 P.2d 1049 (Or.Ct.App.1978). Petitioner's counsel did not object to the instruction, and petitioner was convicted on all eleven counts.
 
 
 5
 The trial court sentenced petitioner to three consecutive twenty-year sentences and eight concurrent twenty-year sentences. His conviction was affirmed on appeal. State v. Allbee, 628 P.2d 798 (Or.Ct.App.1981).
 
 
 6
 In July 1981, petitioner filed a habeas corpus petition in federal court. The district court denied his writ on the merits. A panel of this circuit vacated that dismissal, finding that because petitioner had not exhausted his state appeals, a denial of his petition on the merits was premature. Allbee v. Cupp, 716 F.2d 635 (9th Cir.1983).
 
 
 7
 Petitioner then instituted state post-conviction proceedings. The state trial court identified the jury instruction as erroneous, and granted him a new trial. On appeal, the Oregon appellate court reversed this judgment on the ground that the error was harmless. Allbee v. Keeney, 714 P.2d 1058 (Or.Ct.App.), review denied, 718 P.2d 744 (Or.1986). On remand, the trial court denied relief on all petitioner's claims. This judgment was affirmed on appeal. Allbee v. Keeney, 747 P.2d 415 (Or.Ct.App.1987), review denied, 750 P.2d 497 (Or.1988).
 
 
 8
 Petitioner then filed this habeas petition.
 
 DISCUSSION
 
 9
 A. Sufficiency of Evidence/Mental Incompetency
 
 
 10
 In determining whether there is sufficient evidence to support a conviction, this court inquires whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Under this standard, reviewing courts are highly deferential to the trier of fact, even in instances where the reviewing court might have drawn different conclusions from the evidence presented.
 
 
 11
 In this case, the question submitted to the jury was whether petitioner was insane at the time of the crime, and should therefore be found not guilty by reason of insanity. Under Oregon law, insanity is an affirmative defense, thus, a defendant bears the burden of proof by a preponderance of the evidence. Ore.Rev.Stat. §§ 161.055(2), 161.305.[1]
 
 
 12
 Petitioner argues that his expert and lay witnesses established his "lack of mental responsibility," and that the state failed to rebut his evidence. In coming to a contrary conclusion, the district court independently reviewed and then adopted the Magistrate's summary of the evidence before the jury. The Magistrate noted that "the skyjacking was carefully planned and executed," that petitioner wrote "lucid[ ]" notes, that "[a] stewardess and airline pilot testified that petitioner appeared rational, coherent and quite determined throughout the skyjacking, with no signs of mental confusion or bizarre behavior," and that "[e]ven the defense witnesses--friends, relatives and psychiatric counselors--all agreed that the petitioner behaved and spoke rationally in the months prior to the skyjacking." The Magistrate also summarized the evidence presented by the defense, particularly the defense psychiatrist's testimony that a psychotic individual can appear and act normally despite severe illness. He concluded that "the defense psychiatrist evidently did not persuade the jury that the petitioner was severely ill but appeared perfectly normal."
 
 
 13
 We conclude that the record supports the jury's decision. The existence of conflicting evidence is not enough to support a finding of insufficiency as it is the jury's role to resolve such conflicts. We simply cannot say that, in assessing the evidence, no rational trier of fact could have found that petitioner had not proven, by a preponderance of the evidence, that he was insane at the time of the hijacking.
 
 B. Erroneous Jury Instruction
 
 14
 For a federal constitutional error[2] to be considered harmless, "the court must be able to declare a belief that it was harmless beyond a reasonable doubt." Chapman v. California, 386 U.S. 18, 24 (1967). In collateral proceedings involving erroneous jury instructions, the inquiry is " 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.' " Henderson v. Kibbe, 431 U.S. 145, 154 (1977) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)).
 
 
 15
 In Oregon, a person commits kidnapping in the second degree if, with the intent to interfere substantially with another person's liberty, and without that person's consent, he takes that person from one place to another or secretly confines that person in a place where that person is unlikely to be found. Ore.Rev.Stat. § 163.225. A person commits kidnapping in the first degree if, in addition to the elements of kidnapping in the second, the person intended (a) to compel any person to pay or deliver money or property as ransom, (b) to hold the victim as a shield or hostage, (c) to cause physical injury to the victim, or (d) to terrorize the victim or another person. Ore.Rev.Stat. § 163.235.
 
 
 16
 Petitioner argues that because "[t]here was evidence offered ... which supported a finding that appellant merely took the victims from one place to another without consent or legal authority, but not for the purpose of compelling United Airlines to pay money as ransom or with the purpose of holding the named victims as hostages," the jury instruction was reversible error.[3] We disagree. We presume, as we must on habeas review, that the factual determinations made by the state trial court are correct. 28 U.S.C. § 2254(d). Because the record contains ample evidence of kidnapping in the first degree, and because the question of petitioner's sanity was the primary issue at trial, we find the erroneous jury instruction was harmless error.
 
 
 17
 By his own admission, petitioner hijacked the plane, interfering with the liberty of many people without their consent. Moreover, according to the state post-conviction court:
 
 
 18
 Petitioner deliberately chose to hijack a commercial airliner. Petitioner ... did so to achieve media attention and obtain his demands....
 
 
 19
 After petitioner released most of the passengers, petitioner forced Ms. Collins, Ms. Anderson [flight attendants] and Captain Ballatin to remain on the plane with petitioner. Petitioner used these remaining hostages to ensure further leverage in his bargaining position.... [H]is objective was ... to use the passengers and crew as bargaining chips for his demands.
 
 
 20
 Quoted in District Court Opinion and Order at 6-7 (emphasis added). Clearly, the state courts found ample evidence of kidnapping in the first degree.
 
 
 21
 Our conclusion that the erroneous jury instruction was harmless beyond a reasonable doubt is based in large part on the nature of the issues put to the jury. In concluding that the error was harmless, the Oregon Court of Appeals stated that
 
 
 22
 It is clear from the trial transcript ... that the principal issue at trial was whether petitioner was criminally responsible for the kidnappings.... An extensive statement written by petitioner, introduced at trial, described in elaborate detail how he had carried out the skyjacking and the demands that he made for the release of the hostages.... [T]he jury was called on essentially to decide whether petitioner was not guilty by reason of mental disease or defect.
 
 
 23
 Allbee v. Keeney, 714 P.2d 1058, 1059 (Or.App.1986) (emphasis added). As this quote demonstrates, the question whether petitioner had hijacked the plane or whether he detained the passengers as bargaining chips was never in issue. Petitioner's counsel requested the lesser-included offense instruction, but did not argue to the jury that they might find petitioner guilty of second degree kidnapping but not first. The jury's primary concern was the question of petitioner's mental state.
 
 
 24
 Based on these facts, we conclude that the erroneous jury instruction was harmless beyond a reasonable doubt. We need not reach, therefore, the question whether petitioner exhausted his state court remedies with respect to his ineffective assistance of counsel claim.
 
 C. Consecutive Sentences
 
 25
 Petitioner argues that the imposition of consecutive sentences is an unconstitutional violation of due process. Petitioner relies on Whalen v. United States, 445 U.S. 684 (1980). In Whalen, the Supreme Court indicated that where a state court imposed a multiple sentence not authorized by state law, a defendant's due process rights might be violated.
 
 
 26
 Because we find that the sentence at issue was " 'authorized' by state law within the meaning of Whalen," we need not "reach the question of so applying the due process clause in this case." Branch v. Cupp, 736 F.2d 533, 536 (9th Cir.1984), cert. denied, 470 U.S. 1056 (1985). There is no doubt that the courts of Oregon have inherent power to impose sentences consecutively. State v. Jones, 440 P.2d 371, 372 (1968). Moreover, the sentences imposed fell within the statutory maximum. The thrust of petitioner's argument is that because he was convicted of a single course of criminal conduct--hijacking a plane--to which the number of victims was incidental, the trial court improperly imposed consecutive sentences.
 
 
 27
 It is true that Oregon law counsels against the imposition of multiple sentences where the number of victims is an "unplanned accident, immaterial to the defendant's objective." State v. Kessler, 686 P.2d 345, 349 (Or.1984). However, the question whether a defendant was indifferent to the number of victims subject to his criminal conduct is a question of fact for the trial court. Petitioner was unable to convince the trial judge or the state appellate tribunals that the number of passengers on the plane was "immaterial to [his] objective." The state courts found that petitioner "intended to substantially interfere with the personal liberty of each of the passengers of the airplane," and in particular with the liberty of the three crew members detained after the passengers were released. Again, on habeas, we presume that these state factual determinations are correct.
 
 
 28
 For the purposes of the Whalen due process inquiry, our role is to ascertain whether consecutive sentences are authorized by Oregon law when a defendant is convicted of separate offenses. Clearly, Oregon authorizes such sentences.[4] It was for the state courts to resolve the relationship between the petitioner's criminal conduct and the number of victims involved in the hijacking. Because nothing in the record casts doubt on the state courts' determination, we will not disturb their conclusion.
 
 
 29
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Petitioner intimates that this allocation of the burden of proof might amount to a violation of his constitutional rights--apparently on the theory that in federal court the government has the burden of proving sanity once a defendant raises the issue. However, the Supreme Court has explicitly approved similar state statutory schemes. See Patterson v. New York, 432 U.S. 197 (1977) (upholding New York statute requiring defendants to prove affirmative defense of "extreme emotional disturbance" by a preponderance of the evidence)
 
 
 [2]
 The district court assumed for the purposes of the petition that the error was federal constitutional error. For the purposes of this appeal, we do the same
 
 
 [3]
 Petitioner does not identify this evidence; the quoted sentence is the extent of the argument advanced as to this request for relief
 
 
 [4]
 Since petitioner's conviction and sentencing, the Oregon legislature has explicitly authorized consecutive sentences in such circumstances. Ore.Rev.Stat. §§ 137.122, 137.123