Steven L. **FURNISH**, Petitioner,

v.

Joan **PALMATEER**, Superintendent, Oregon State Penitentiary, Respondent.

No. CIV.00–6054–VR.

United States District Court, D. Oregon.

Feb. 25, 2002.

---

Michele L. Kohler, Kohler & Burrows, P.C., Portland, OR, for Petitioner.

Hardy Myers, Attorney General, Douglas Y.S. Park, Assistant Attorney General, Department of Justice, Salem, OR, for Respondent.

## OPINION AND ORDER

BROWN, District Judge.

Petitioner Steven L. Furnish, an inmate at the Oregon State Penitentiary, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently before the Court is Petitioner's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habe-

as Corpus by a Person in State Custody (# 47). For the reasons that follow, the Amended Petition is **DENIED,** and this action is **DISMISSED.**

### BACKGROUND

On February 19, 1994, police received a report that Petitioner was molesting his minor male cousin. Subsequent investigations revealed that between January 1989 and February 1994, Petitioner had molested and sodomized six minor boys. Petitioner also pressured the sister of one of the minor boys to have sexual intercourse with another boy while Petitioner watched.

On March 1, 1994, Petitioner was indicted in the Circuit Court of the State of Oregon for Multnomah County on 32 counts of Sodomy in the First Degree and 32 counts of Sodomy in the Second Degree. Pursuant to plea negotiations, Petitioner pleaded guilty to four counts of Sodomy in the First Degree and two counts of Sodomy in the Second Degree. The remaining 58 counts were dismissed. Petitioner was sentenced to 59 months imprisonment for Sodomy in the First Degree (Count 1), a consecutive 121-month term for Sodomy in the First Degree (Count 15), and a consecutive 50-month term for Sodomy in the First Degree (Count 27) with sentences on the remaining three counts running concurrently for a total term of imprisonment of 230 months. Petitioner also was sentenced to a total of 20 years of post prison supervision.

Petitioner directly appealed his convictions to the Oregon Court of Appeals by appointed counsel filing a brief pursuant to *State v. Balfour,* 311 Or. 434, 814 P.2d 1069 (1991), in which Petitioner did not seek to raise any claims. The Oregon Court of Appeals affirmed without opinion. *State v. Furnish,* 134 Or.App. 628, 894 P.2d 1268 (1995). Petitioner did not seek review from the Oregon Supreme Court.

Petitioner then sought state post conviction relief (PCR). In his formal state court Petition for Post–Conviction Relief, Petitioner alleged two claims:

**First Claim for Relief:** That petitioner's imprisonment was and is illegal in the proceedings as set forth above and they resulted in a substantial denial of petitioner's rights in violation of ORS 138.530 in that petitioner was denied his right to effective assistance of counsel at the sentencing level in that petitioner's sentencing counsel:

1. Convinced Petitioner to plead "guilty to the charges of Sodomy in the First and Second Degree" without fully explaining the consequences of Petitioner's taking such action.

2. Failed to argue for the conditions of sentencing as set out in the plea agreement.

3. Coerced or allowed Petitioner to enter a plea while under duress.

4. Failed to object to the length of the post-prison supervision.

**Second Claim for Relief:** That petitioner's imprisonment was and is illegal in the proceedings set forth above and that they resulted in a substantial denial of petitioner's rights in violation of ORS 138.530 in that the petitioner was denied his constitutional rights in that the trial Court:

1. Accepted a plea of guilty that was not knowingly, voluntarily and intelligently made.

2. Failed to follow the ORS 144.103 sentencing guidelines concerning post-prison supervision.

Following an evidentiary hearing, the PCR trial judge denied relief. Although Petitioner appealed and raised the same claims he alleged in his PCR petition, the Oregon Court of Appeals affirmed without

opinion and the Oregon Supreme Court denied review. *Furnish v. State*, 161 Or. App. 666, 984 P.2d 958, *rev. denied*, 329 Or. 479, 994 P.2d 127 (1999).

Petitioner filed this action on March 6, 2000. In his Amended Petition, he set forth the following grounds for relief:

**Ground One:** Petitioner was deprived of his constitutional rights to counsel under both the Sixth and Fourteenth Amendment[s] to the United States Constitution in that his counsel convinced Petitioner to plead guilty without a full explanation of the consequences of Petitioner's actions which resulted in the functional denial of counsel.

**Ground Two:** Petitioner was deprived of his constitutional rights to counsel under both the Sixth and Fourteenth Amendment[s] to the United States Constitution in that his counsel failed to argue for conditions of sentencing as set out in the plea agreement which failure resulted in the functional denial of counsel.

**Ground Three:** Petitioner was deprived of his constitutional rights to counsel under both the Sixth and Fourteenth Amendment[s] to the United States Constitution in that his counsel coerced or allowed Petitioner to enter a plea while under duress which resulted in the functional denial of counsel.

**Ground Four:** Petitioner was deprived of his constitutional rights to counsel under both the Sixth and Fourteenth Amendment[s] to the United States Constitution in that his counsel failed to object to the length of post-prison supervision imposed which failure resulted in the functional denial of counsel and deprived Petitioner of his constitutional rights to equal protection of the law under the Fourteenth Amendment to the United States.

**Ground Five:** Petitioner was deprived of his constitutional rights to counsel under both the Sixth and Fourteenth Amendment[s] to the United States Constitution in that his counsel failed to preserve the issues for appellate counsel to present them on direct appeal which resulted in the functional denial of counsel.

**Ground Six:** Petitioner was deprived of due process under law under the Fifth, Sixth and Fourteenth Amendment[s] to the United States Constitution in that his plea was [not] knowingly, voluntarily, and intelligently made.

**Ground Seven:** Petitioner was deprived of equal protection and due process of law under the Fifth, Sixth and Fourteenth Amendment[s] to the United States Constitution in that the sentencing court failed to comply with state law in the imposition of his sentence.

Respondent argues Petitioner procedurally defaulted several of the claims alleged in his Amended Petition: (1) the Ground Four claim for ineffective assistance of counsel based on trial counsel's failure to object to the length of Petitioner's post prison supervision term on "equal protection" grounds, (2) the Ground Five claim for ineffective assistance of counsel based on trial counsel's failure to preserve issues for appellate review, (3) all claims alleged in Ground Six contending Petitioner's guilty pleas were not voluntary, and (4) all claims alleged in Ground Seven concerning the trial court's alleged noncompliance with state sentencing laws. Respondent also asserts Petitioner is not entitled to relief on the merits as to the remaining claims.

## DISCUSSION

### I. *Procedural Default*

#### A. **Legal Standards**

■ A state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may con-

sider granting habeas corpus relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). *See also Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

■ A prisoner satisfies the exhaustion requirement by providing the state courts with a "full and fair" opportunity to consider his claims. *O'Sullivan*, 526 U.S. at 844–45, 119 S.Ct. 1728. *See also Keeney v. Tamayo–Reyes*, 504 U.S. 1, 10, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992); *Picard*, 404 U.S. at 275–76, 92 S.Ct. 509. A petitioner "fairly" presents his federal claims by alerting the state courts that he is asserting a claim under the United States Constitution. *Duncan v. Henry*, 513 U.S. 364, 365–66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). Even though a petitioner raises a state constitutional claim that encompasses a "similar" but not "virtually identical" standard as an omitted federal constitutional claim, it does not constitute a "fair" presentation. *Id.* at 366, 115 S.Ct. 887. Moreover, a petitioner's citation of state law cases in which federal law is applied to a state law claim does not "fairly present" a federal claim to a state supreme court. *Peterson v. Lampert*, 277 F.3d 1073, 1079 (9th Cir.2002).

■ Generally, when a state allows review of a constitutional violation either on direct appeal or by collateral attack, a prisoner need exhaust only one avenue before seeking habeas corpus relief. *Turner v. Compoy*, 827 F.2d 526, 529 (9th Cir.1987), *cert. denied*, 489 U.S. 1059, 109 S.Ct. 1327, 103 L.Ed.2d 595 (1989). If a state, however, "mandates a particular procedure to be used to the exclusion of other avenues of seeking relief," the correct avenue must be fully exhausted. *Id.*

■ "In Oregon, most trial errors must be raised by direct appeal to the Oregon Court of Appeals." *Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir.1983). Violations of a defendant's rights that require a further evidentiary hearing for their determination, such as ineffective assistance of counsel, however, are appropriately determined upon post conviction review. *Id.See also Allbee v. Keeney*, 78 Or.App. 19, 21, 714 P.2d 1058, *rev. denied*, 301 Or. 78, 718 P.2d 744 (1986) (the error must be of constitutional dimension to warrant post conviction relief). .

■ If it is clear that no state remedies remain available to the petitioner, the exhaustion requirement is satisfied. *See Coleman*, 501 U.S. at 732, 111 S.Ct. 2546. *See also Kellotat*, 719 F.2d at 1029. Nevertheless, habeas corpus relief must be denied if the petitioner procedurally defaults on a claim in state court. When a habeas petitioner fails to raise his federal claim in state court even though he could have and then is barred from doing so by a state procedural rule, he procedurally defaults that claim. *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

■ When a state prisoner defaults his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice or demonstrate the federal court's failure to consider the claims will result in a miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). *See also Coleman*, 501 U.S. at 750, 111 S.Ct. 2546.

## B. Analysis

### 1. Ground Four—Ineffective Assistance of Counsel for Failure to Object to Length of Post Prison Supervision Term on Equal Protection Grounds

■ In his state PCR proceedings, Petitioner did not allege he received ineffec-

tive assistance of counsel based on trial counsel's failure to object on equal protection grounds to the post prison supervision terms imposed by the trial court. Petitioner argued trial counsel should have objected to the post prison supervision term as a violation of state law. That argument, however, was not sufficient to "fairly present" Petitioner's equal protection claim. *See Carriger v. Lewis,* 971 F.2d 329 (9th Cir.1992) (*en banc*) (ineffective assistance of counsel claims are discrete, and each claim must be defaulted if it is not properly exhausted), *cert. denied,* 507 U.S. 992, 113 S.Ct. 1600, 123 L.Ed.2d 163 (1993). Petitioner's argument that the claim alleged in Ground Four is simply a "reformulation" of the ineffective assistance claim made in state court as permitted by *Chacon v. Wood,* 36 F.3d 1459, 1467–68 (9th Cir.1994), is without merit.

Petitioner did not exhaust the available state remedies for his claim that trial counsel was ineffective for failing to object to the post prison supervision term on the basis that it violated Petitioner's equal protection rights. As Petitioner can no longer raise this claim in state court, it is procedurally defaulted.[1] Further, Petitioner does not show cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default. Accordingly, Petitioner is not entitled to relief on the claim alleged in Ground Four of the Amended Petition.

### 2. Ground Five—Ineffective Assistance of Counsel for Failure to Preserve Issues for Appeal

 In Ground Five, Petitioner alleges trial counsel failed to preserve issues relating to the alleged illegal sentence to enable appellate counsel to present those issues on direct appeal. Petitioner, however, did not raise this specific ineffective assistance of counsel claim during the state PCR proceedings. Petitioner's ineffective assistance of counsel claim alleged in Ground Five, therefore, is also procedurally defaulted because Petitioner failed to fairly present this claim to the state court and he cannot do so now. Again, Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice sufficient to excuse the procedural default. Petitioner, therefore, is not entitled to relief on the claim alleged in Ground Five of the Amended Petition.

### 3. Ground Six—Involuntary Plea

 In Ground Six of the Amended Petition, Petitioner alleges the trial court violated his federal due process rights by accepting his guilty pleas without personally inquiring into Petitioner's understanding of the nature of the charges and the voluntariness of Petitioner's waiver of several constitutional rights. Respondent contends this claim also is procedurally defaulted because Petitioner asserted a different claim in his PCR appellate brief and Petition for Review when he argued the trial judge was biased in favor of the state. This argument fails. Although the appellate brief and Petition for Review include arguments of bias, Petitioner explicitly states in both that the trial court failed to personally ascertain that Petitioner's guilty pleas were voluntary, knowing, and intelligent. This claim was fairly presented to the highest state court and, therefore, was not procedurally defaulted.

---

1. Direct appeals must be filed no later than 30 days after the judgment or order appealed from was entered in the register. Or.Rev. Stat. § 131.071. Post conviction relief appeals must be filed within 30 days after entry of final judgment. Or. Rev. Stat § 138.650. Any grounds for relief not asserted in the original or amended petition for state post conviction relief are deemed waived unless they could not have been raised reasonably in the original or amended petition. Or.Rev.Stat. § 138.550(3).

**4. Ground Seven—Equal Protection Violation in Sentencing**

 In Ground Seven of the Amended Petition, Petitioner alleges the trial court violated his federal equal protection rights by failing to comply with state law when it imposed the post prison supervision component of Petitioner's sentence. As in the related ineffective assistance of counsel claim asserted in Ground Four, however, Petitioner did not allege a violation of the Equal Protection Clause of the Fourteenth Amendment at any time in the state proceedings. Consequently, Petitioner procedurally defaulted the claim alleged in Ground Seven because this claim was not fairly presented to the Oregon courts and the time for doing so now has elapsed. Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice sufficient to excuse the procedural default. Petitioner, therefore, is not entitled to relief on the claim alleged in Ground Seven of the Amended Petition.

## II. *Relief on the Merits*

### A. Legal Standards

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's determinations of factual issues by a state court are presumed to be correct, and a petitioner in federal court has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court acts "contrary to ... clearly established Federal law" if it reaches a conclusion on a question of law that is opposite to the conclusion of the Supreme Court or if it decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). *See also Ramdass v. Angelone*, 530 U.S. 156, 165–67, 120 S.Ct. 2113, 147 L.Ed.2d 125 (2000); *Tran v. Lindsey*, 212 F.3d 1143, 1150 (9th Cir.), *cert. denied*, 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).

An "unreasonable application of clearly established Federal law" occurs if a state court identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the prisoner's case or unreasonably refuses to extend the governing legal principle. *Williams*, 529 U.S. at 411–14, 120 S.Ct. 1495; *Ramdass*, 530 U.S. at 166, 120 S.Ct. 2113; *Tran*, 212 F.3d at 1150. Under this standard of review, a federal court may not issue a writ merely because it independently concludes the state court applied clearly established federal law erroneously or incorrectly. *Williams*, 529 U.S. at 409–10, 120 S.Ct. 1495. To be unreasonable, a state court's application of federal law must have been clearly erroneous. *Tran*, 212 F.3d at 1153.

### B. Analysis

**1. Ineffective Assistance of Counsel—Grounds One, Two, and Three**

Petitioner fully exhausted his state remedies with respect to his claims that he received constitutionally ineffective assistance of counsel because his trial counsel: (1) convinced him to plead guilty without a full explanation of the consequences of Petitioner's actions, (2) failed to argue for the conditions of sentencing as set out in the plea agreement, and (3) coerced or allowed Petitioner to enter a plea while under duress. This Court, therefore, must consider these claims on the merits.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show his attorney's performance fell below an objective standard of reasonableness and that counsel's inadequate performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first part of this test requires the petitioner to establish that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. Although the petitioner's burden is not insurmountable, there is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052.

To establish the second prong of the *Strickland* test, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. To determine whether a defendant was prejudiced by ineffective assistance of counsel, the court should examine whether the " 'result of the proceeding was fundamentally unfair or unreliable.' " *United States v. Palomba*, 31 F.3d 1456, 1460–61 (9th Cir.1994) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 368, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)).

Following an evidentiary hearing, the PCR trial judge entered the following pertinent Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

\* \* \* \* \* \*

2. Petitioner executed a plea petition in conjunction with his guilty pleas. Petitioner understood the contents of the plea petition, which set forth the terms of petitioner's plea agreement with the State, including the provision that the State would seek a maximum sentence of twenty years and that sentencing would otherwise be open.

3. Trial counsel discussed the contents of [the] plea petition with petitioner at length and informed petitioner of the consequences of his guilty plea.

4. The plea negotiations between petitioner and the State contemplated a request by petitioner for a downward departure to probation and treatment in the Oregon State Hospital In-patient treatment program. At the time of sentencing, petitioner notified his attorney he would prefer to serve a custodial sentence because of the duration of the option involving probation and treatment.

5. Prior to imposing a sentence, the sentencing court informed the parties that it would not impose a sentence of only probation.

6. Given the sentencing court's clear intent to impose a term of incarceration and petitioner's decision not to request a sentence of probation coupled with In-patient treatment at the Oregon State Hospital, trial counsel reasonably did not argue that the sentencing court should merely impose probation.

7. Trial counsel's advocacy at sentencing, which included pointing out to the court that the underlying convictions were petitioner's first convictions, petitioner had been a victim of sexual abuse as a child, that petitioner had been found amenable to treatment and had cooperated with the State, was reasonable.

8. Trial counsel did not apply duress to petitioner in order to induce him to enter his pleas.

9. The only duress Petitioner was under at the time he entered his plea was . . . of the sort one would expect when one has been charged with 64–counts [sic] of sexual offenses, has decided to negotiate a plea and feared what was going to happen at sentencing.

\* \* \* \* \* \*

11. Petitioner's pleas were not the result of coercion or duress.

\* \* \* \* \* \*

### CONCLUSIONS OF LAW

1. In the underlying criminal proceedings resulting in petitioner's conviction, petitioner was not denied the right to assistance of counsel, as guaranteed by either the United States Constitution or the Constitution of the State of Oregon.

 As noted, the state court's findings of fact are presumed to be correct, and Petitioner bears the burden of rebutting this presumption of correctness by clear and convincing evidence. After a thorough review of the record, this Court concludes Petitioner has not met that burden. Moreover, this Court finds the state court's denial of post conviction relief to Petitioner was neither contrary to nor an unreasonable application of *Strickland* and its progeny. Accordingly, Petitioner is not entitled to relief on the merits of his claims that he was denied effective assistance of trial counsel as alleged in Grounds One, Two, and Three of the Amended Petition.

### 2. Trial Court Error—Ground Six

Finally, Petitioner alleges his guilty plea was not knowingly, voluntarily, and intelligently made and, therefore, his due process rights were violated when the trial court accepted his plea. As discussed above, Petitioner did not procedurally default this claim; nevertheless, Petitioner is not entitled to relief on the merits.

 A valid guilty plea must be knowing, intelligent, and voluntary. *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Before a court may accept a guilty plea, it must determine that the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). When making this determination, courts must consider all the relevant circumstances surrounding the guilty plea. *Brady*, 397 U.S. at 749, 90 S.Ct. 1463.

In the state PCR proceeding, the trial judge made the following pertinent Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Petitioner executed a plea petition in conjunction with his guilty pleas. Petitioner understood the contents of the plea petition, which set forth the terms of petitioner's plea agreement with the State, including the provision that the State would seek a maximum sentence of twenty years and that sentencing would otherwise be open.

\* \* \* \* \* \*

9. The only duress Petitioner was under at the time he entered his plea was . . . of the sort one would expect when one has been charged with 64–counts [sic] of sexual offenses, has decided to negotiate a plea and feared what was going to happen at sentencing.

10. The trial court found petitioner's pleas were freely and voluntarily made and that there was a factual basis for the pleas.

11. Petitioner's pleas were not the result of coercion or duress.

12. Although the terms of petitioner's plea agreement contemplated a period of post-prison supervision greater than that petitioner could receive if convicted of the alleged offenses, the record reflects petitioner knowingly and voluntarily entered into the plea agreement, which included the lengthy period of post-prison supervision.

\*　　\*　　\*　　\*　　\*　　\*

## CONCLUSIONS OF LAW

\*　　\*　　\*　　\*　　\*　　\*

3. Petitioner did not prove any of his claims by a preponderance of the evidence.

4. Petitioner's pleas were knowingly, voluntarily and intelligently made.

 Again, the state court's Findings of Fact are presumed to be correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. After a thorough review of the record, including the written Plea Agreement, the transcript of the sentencing hearing, and the entire PCR record, this Court concludes Petitioner has not met that burden. Moreover, this Court finds the state court's denial of post conviction relief to Petitioner was neither contrary to nor an unreasonable application of *Boykin* and its progeny. Accordingly, Petitioner is not entitled to relief on the merits of his claim that his due process rights were violated because his guilty plea was not knowing, voluntary, and intelligent as alleged in Ground Six.

### *CONCLUSION*

Based on the foregoing, IT IS ORDERED that Petitioner Furnish's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (# 47) is **DENIED**, and this action is **DISMISSED**.

IT IS SO ORDERED.